177 So.2d 765 (1965)
Clara B. WISE and Frank W. Wise, her husband, Appellants,
v.
The WESTERN UNION TELEGRAPH COMPANY, a corporation, Appellee.
No. G-232.
District Court of Appeal of Florida. First District.
July 29, 1965.
Rehearing Denied August 31, 1965.
*767 Searcy & Sohn, Jacksonville, for appellants.
Loftin & Wahl, Jacksonville, for appellee.
TAYLOR, HUGH M., Associate Judge.
We review a summary judgment for the defendant in an action for damages resulting from injuries received when a messenger boy employed by Western Union Telegraph Company, while operating his bicycle on a city sidewalk, struck a pedestrian.
The summary judgment was predicated upon a finding that there was not enough evidence tending to prove that the messenger boy was acting within the scope of his duties at the time of the accident to create a real issue of fact.
The most substantial item of evidence tending to establish this fact was an affidavit by Jacksonville Police Officer Mims who investigated the accident in which, among other things, he deposed that after the accident occurred a representative of Western Union came to the scene and "stated in effect that the boy was working for Western Union and engaged in this work at the time of the accident." Other evidence identifies this individual as Mr. E.B. Lester, delivery clerk, employed by the defendant, Western Union Telegraph Company.
On motion of the defendant, the affidavit of Officer Mims was stricken on the theory that the statement of Lester was privileged under Section 317.171, Florida Statutes, F.S.A.
The plaintiffs contend that other evidence is sufficient to withstand a motion for summary judgment, but this we do not decide because we conclude that the affidavit of Officer Mims was improperly stricken.
The accident occurred on a city sidewalk in Jacksonville. The messenger testified that he was operating his bicycle on the sidewalk because he had been forced onto the sidewalk by a truck improperly swerving in front of him so that it was necessary for him to operate his bicycle onto the sidewalk in order to avoid a collision with the truck.
Section 317.171 is in derogation of the common law and should be strictly construed in the sense that no situation should be held within its operation to which the legislature did not clearly intend to accord the privilege. On the other hand, the statute being in part at least designed to protect the constitutional right against selfincrimination, and to facilitate the ascertainment of the cause of accidents, it should not be so strictly construed as to defeat the legislative purpose.
Although accident reports are required only of the operators of vehicles and officers investigating accidents, it is settled that the privilege of the statute extends to all persons "involved" in accidents. Williams v. Scott, Fla.App., 153 So.2d 18. It is also settled that the privilege extends to verbal statements as distinguished from written reports. Ippolito v. Brener, Fla., 89 So.2d 650; St. Germain v. Carpenter, Fla., 84 So.2d 556.
The plaintiffs first contend that the statute is not applicable because the injuries complained of were caused by a bicycle coming into contact with one of the plaintiffs and a bicycle is not a vehicle within the statute. Section 317.011. The messenger testified that the accident was precipitated by the improper operation of a truck and, if this testimony be true, the truck was "involved" in the accident, thus bringing all *768 persons "involved" in the accident within the protection of the statute.
It is not every statement made to an officer that comes within the privilege granted by the statute. The statement must have some reasonable bearing upon an investigation properly undertaken by the officer and must be made by a person in some way "involved" in the accident, and must be in some degree an accident report. See Goodis v. Finkelstein, Fla.App., 174 So.2d 600.
Mr. Lester was not present at the time of the accident, had no first hand knowledge of any matter affecting the circumstances of the accident, and the statement attributed to him was not with respect to the cause of the accident or the circumstances under which the accident occurred. The statement was therefore not within the protection afforded by the statute. See Hancock v. McDonald, Fla.App., 148 So.2d 56, in which we held that a statement relative to the circumstances under which a driver obtained possession of a motor vehicle, important only in determining questions of civil liability, was not privileged.
The affidavit of Officer Mims also contained statements attributed to the messenger which we do not find it necessary to consider in detail.
It was error to strike the affidavit of Officer Mims and with that affidavit in the record there was sufficient evidence to raise an issue of fact that would preclude the entry of a summary judgment.
There is another reason, not argued by counsel but which we feel we should point out, why the statement of Mr. Lester is admissible. The pertinent part of the statute reads as follows:
"All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident."
It will be observed that the privilege is qualified by permitting disclosure of the identity of persons involved in an accident when such persons deny presence at the accident.
The only theory upon which Mr. Lester's statement could be held to be privileged is that he was a representative of and speaking for Western Union and that Western Union was involved in the accident. Western Union was involved in the accident only if the messenger was acting within the scope of his employment at the time of the accident. By denying that the messenger was within the scope of his employment at the time of the accident Western Union is denying its presence at the accident, and the privilege does not extend to statements made for the purpose of showing that one involved in the accident was present at the time of the accident.
The defendant argues that the affidavit of Officer Mims was properly stricken because it tended to impeach the testimony of Lester and no proper predicate was laid for the offering of the affidavit to show a prior inconsistent statement by Lester.
This argument ignores the rule permitting evidence of declarations against interest as primary evidence of fact. The mere fact that a declaration against interest may also tend to impeach a witness by showing that such witness had made a prior inconsistent statement does not limit the use of a declaration against interest or require the laying of any predicate before such declaration may be established.
*769 Subsequent to the entry of the summary judgment appealed from, the deposition of Officer Mims was taken pursuant to a stipulation of counsel that "this deposition may be used on the appeal * * * to the same extent as though it had been before the court on hearing on motion for summary judgment."
We completely disregard this deposition.
Counsel, having failed to take the deposition before hearing on the motion for summary judgment, seek to reduce their labors and those of the courts by supplementing the record with a more complete statement of the testimony which may be expected from this witness. At first glance this appears to be a laudable course, but if the contents of the deposition are to change the factual situation upon which the summary judgment was entered  and that is the only reason for its consideration by this court  then this court would be the first court to pass upon the propriety of a summary judgment upon the basis of the facts disclosed by the deposition when taken in connection with the other evidence. This would constitute the exercise of original jurisdiction not conferred upon us by the Constitution.
The stipulation of the parties cannot confer upon us jurisdiction denied us by the Constitution. If such jurisdiction could be conferred by agreement of litigants, it could, with equal propriety, be assumed by the court. Even if the Constitution permitted, we would not dare open the Pandora's box of judicial problems which would result from establishing a precedent which would authorize litigants who have failed to prove a case in the trial court to seek to supplement the record on appeal with additional testimony never heard or considered by the trier of fact in the nisi prius court.
For the reasons stated, the judgment of the Circuit Court is reversed.
WIGGINTON, Acting C.J., and CARROLL, DONALD K., J., concur.