490 So.2d 21 (1985)
STATE of Florida, Petitioner,
v.
Randy Eugene KINCHEN, Respondent.
No. 64043.
Supreme Court of Florida.
August 30, 1985.
Rehearing Denied July 17, 1986.
Jim Smith, Atty. Gen. and James P. McLane, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Richard B. Greene, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
McDONALD, Justice.
In Kinchen v. State, 432 So.2d 586 (Fla. 4th DCA 1983), the district court acknowledged conflict between Kinchen and Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982), review denied, 426 So.2d 26 (Fla. 1983), and State v. Bolton, 383 So.2d 924 (Fla. 2d DCA 1980). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and we quash Kinchen.
In a joint trial a jury convicted Kinchen and his co-defendant of kidnapping, sexual battery, and attempted first-degree murder. The co-defendant called a witness who testified that Kinchen had told him that he, Kinchen, had been the aggressor in the attack. This witness also testified that he was a friend of Kinchen's co-defendant, but not of Kinchen. Kinchen's father testified that this witness had told him that he would do what he could to help Kinchen's co-defendant.
During his summation, the co-defendant's counsel made the following statement:
Besides all of the physical evidence then ... the statements from this man's [Kinchen's] own mouth that were unrefuted, let's say it was the truth. Brett [the witness] did not deny he made that statement, *22 that, "I would do anything I could ____"
Kinchen's counsel objected and moved for a mistrial. The court overruled the objection and refused to grant the mistrial. On appeal, however, the district court found the statement to be fairly susceptible of being interpreted by the jury as a comment on Kinchen's failure to testify and reversed and remanded for a new trial. In dismissing the state's petition for rehearing the district court noted that the first and second district courts had applied a different standard of review for comments on a defendant's failure to testify.
Both Gains and Bolton, referred to by the fourth district on rehearing, adopted the federal test for reviewing comments on a defendant's failure to testify. "The test in determining whether such a transgression has occurred is whether the remark was manifestly intended or was `of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.'" Bolton, 383 So.2d at 928, quoting Samuels v. United States, 398 F.2d 964, 968 (5th Cir.1968), cert. denied, 393 U.S. 1021, 89 S.Ct. 630, 21 L.Ed.2d 566 (1969); Gains, 417 So.2d at 724. Although both Bolton and Gains rely on a 1968 case, the Samuels test is still in use. United States v. Fuentes-Coba, 738 F.2d 1191 (11th Cir.1984), cert. denied, ___ U.S. ___, 105 S.Ct. 1186, 84 L.Ed.2d 333 (1985). The state urges us to adopt this federal test concerning comments on a defendant's failure to testify.
Kinchen, on the other hand, argues that we should not abandon the fairly susceptible test adopted in David v. State, 369 So.2d 943 (Fla. 1979), and applied by the district court in the instant case. David does not define "fairly" susceptible. A dictionary definition of "fairly," however, is "[i]n a fair manner; equitably; justly; legitimately; without unfair advantages; ... [p]lainly; clearly; distinctly." Webster's New International Dictionary 911 (2d ed. 1956).
The right to stand mute at trial is protected by both our state and federal constitutions. Commenting on a defendant's failure to testify is a serious error. The fairly susceptible test offers more protection to defendants than does the federal test, and we decline the state's invitation to adopt the latter. We disapprove Bolton and Gains.
This refusal, however, may not be the end of Kinchen's problems. We recently adopted the harmless error rule of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), in reference to comments on a defendant's failure to testify. State v. Marshall, 476 So.2d 150 (Fla. 1985). We therefore quash the district court's opinion in this case and remand for reconsideration in light of Marshall.
It is so ordered.
As To Application of Fairly Susceptible Test:
ADKINS, OVERTON and SHAW, JJ., concur.
EHRLICH, J., concurs with an opinion, in which OVERTON, J., concurs.
ALDERMAN, J., dissents with an opinion, in which BOYD, C.J., concurs.
As To Application of Harmless Error Rule:
BOYD, C.J., and SHAW, J., concur.
ALDERMAN, J., concurs with an opinion, in which BOYD, C.J., concurs.
EHRLICH, J., dissents with an opinion, in which OVERTON, J., concurs.
ADKINS, J., dissents.
*23 As To The Remand To The District Court for Reconsideration:
BOYD, C.J., and SHAW, J., concur.
ALDERMAN, J., concurs with an opinion, in which BOYD, C.J., concurs.
EHRLICH, J., dissents with an opinion, in which OVERTON, J., concurs.
ADKINS, J., dissents.
ALDERMAN, Justice, concurring in part, dissenting in part.
I concur that the harmless error rule of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), applies in reference to comments on a defendant's failure to testify. In the present case, however, we do not need to address the question of whether the remark was harmless because the comment objected to by the defendant was not even fairly susceptible of being interpreted by the jury as referring to defendant's failure to testify. This comment was merely an attempt by co-defendant's attorney to explain away the damaging effect of defendant's father's testimony on the testimony of Mr. Knesz and was not improper.
I further dissent to the application of the "fairly susceptible test." We should adopt the federal test for reviewing comments on a defendant's failure to testify, i.e., whether the remark was manifestly intended or was of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify. I would approve the district courts' decisions of Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982), review denied, 426 So.2d 26 (Fla. 1983), and State v. Bolton, 383 So.2d 924 (Fla. 2d DCA 1980), which adopt this federal test.
Accordingly, I agree to quashing the present decision and remanding to the district court for reconsideration in light of State v. Marshall, 476 So.2d 150 (Fla. 1985).
BOYD, C.J., concurs.
EHRLICH, Justice, concurring in part and dissenting in part.
I concur with the majority that we should retain the fairly susceptible test, but I dissent from the remainder of the Court's opinion.
As respondent notes, and the state concedes, Florida's prohibition of prosecutorial comment on a defendant's failure to take the witness stand greatly predates the federal recognition of the constitutional impropriety of such comment. The federal courts did not hold such comments to be barred by the fifth and fourteenth amendments to the United States Constitution until 1965. Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Florida's Declaration of Rights contains its own provision against compulsory self-incrimination, article I, section 9, Florida Constitution; the constitution of 1885 contained a similar provision in section 12 of article I. We are not bound by the federal court's construction of the federal constitution in interpreting analogous provisions of our organically separate state constitution, nor are we precluded from providing greater safeguards for individual liberties than those required by the federal constitution. See, e.g., Pruneyard Shopping Center v. Robins, 447 U.S. 74, 100 S.Ct. 2035, 64 L.Ed.2d 741 (1980); Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967). See also, Brennan, State Constitutions and the Protection of Individual Rights, 90 Harvard Law Review 489 (1977).
As early as 1895, this state codified the prohibition of prosecutorial comment on the exercise of the right to remain silent. Ch. 4400, Laws of Florida (1895) (later codified as section 918.09, Florida Statutes, repealed, ch. 70-339, Laws of Florida). The same prohibition now appears in Rule 3.250, Florida Rules of Criminal Procedure. See Gray v. State, 42 Fla. 174, 28 So. 53 (1900). The Court has long recognized that the only complete remedy for a violation of this prohibition is declaring mistrial. Rowe v. State, 87 Fla. 17, 98 So. 613 (1924). The purpose of this drastic remedy is not to punish the prosecutor for misconduct, but to preserve to the individual the full measure of his constitutional right to remain silent. The rule "was designed to protect the defendant in a criminal case from having the jury consider his failure to take the witness stand in his own behalf as even the slightest suggestion of guilt." Way v. State, 67 So.2d 321, 323 (Fla. 1953). Although our discussion heretofore has focused on prosecutorial misconduct, the prohibition was extended to comments by *24 co-defendant's counsel in Sublette v. State, 365 So.2d 775, 778 (Fla. 3d DCA 1978) ("Thus it is the fact of the comment not the source of the comment that effects denial of the right to remain silent.")
The standard by which the impropriety of comments is to be determined was discussed in Trafficante v. State, 92 So.2d 811, 814 (Fla. 1957).
In summary, our law prohibits any comment to be made, directly or indirectly, upon the failure of the defendant to testify. This is true without regard to the character of the comment, or the motive or intent with which it is made, if such comment is subject to an interpretation which would bring it within the statutory prohibition and regardless of its susceptibility to a different construction.
The state asserts that the Florida standard amounts to a per se reversal rule. That is as it should be, so long as proper objection is made and the issue is preserved for appeal. Clark v. State, 363 So.2d 331 (Fla. 1978). The presumption of a defendant's innocence, the state's burden of proving his guilt beyond a reasonable doubt and the defendant's concomitant right to stand mute before his accusers without conceding guilt in any way are fundamental underpinnings of due process. To permit equivocal or indirect comments on the defendant's silence so long as any other reasonable interpretation is possible significantly erodes the protection this state has traditionally afforded its citizens. The state has shown no benefit to the citizens which would outweigh the harm done by receding from the established standard. We, therefore, should decline to do so.
The per se rule has served the citizens of Florida quite well. I am not as optimistic about the new rule that the Court is adopting. I am apprehensive that it is an open invitation to prosecutorial overreaching.
The right to stand mute at trial, free from comment thereon, should not depend on the state of the evidence of the defendant's guilt. I feel that the practical effect of the new rule will be just that.
I would approve the decision of the Fourth District.
OVERTON, J., concurs.