491 So.2d 1143 (1986)
STATE of Florida, Petitioner,
v.
Alvin Tyrone THORNTON, Respondent.
No. 64899.
Supreme Court of Florida.
July 17, 1986.
Jim Smith, Atty. Gen. and Marlyn J. Altman and Noel A. Pelella, Asst. Attys. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
PER CURIAM.
This case is before us for review of a decision by the district court, Thornton v. State, 442 So.2d 1104 (Fla. 4th DCA 1983), in conflict with decisions of other district courts. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Police arrested Thornton for the murder of an acquaintance. Officer Ciani, who investigated the case, read Thornton his Miranda rights at the scene of the arrest, whereupon Thornton declined to speak about the murder. Thornton continued to refrain from speaking about the crime for more than an hour, during which he was taken to the police station and questioned. Finally, Thornton agreed to talk, Officer Ciani again gave the Miranda warning, Thornton signed a waiver of rights, then *1144 made a tape-recorded statement claiming self defense.
At trial, prior to introducing the tape-recorded statement the prosecutor questioned Officer Ciani about the surrounding circumstances.
Q Detective, during the course of your investigation of this case, did you at any time take a statement from the defendant in this case, Mr. Alvin Thornton?
A Yes, sir, I did.
Q Where was that statement taken?
A At 1300 West Broward Boulevard on the second floor, which is the police station, the Detective Division to be exact.
... .
Q Did you advise him of his rights available under the Constitution?
A Yes, sir. I advised him of his rights twice.
Q When did you do it the first time?
A The first time was at the time of arrest at the 600 block of Northwest 9th Avenue. The second time was at the police station where we use 
... .
Q Did Mr. Thornton, the first time you read him his rights, give any indication that he did not understand what you were saying?
A No, sir. He replied, "yes," that he understood, and he did not answer any questions at the initial time of arrest.
[Defense counsel objected and moved for mistrial. The trial judge expressed frustration that an experienced police officer would volunteer testimony about Thornton's exercise of his right to remain silent, but overruled the objection.]
The jury found Thornton guilty of second-degree murder as charged.
On appeal, the district court found the officer's statement impinged on Thornton's right to remain silent and that Thornton was therefore entitled to a new trial. We approve the district court opinion on the finding of error but quash the decision remanding for new trial.
We first address the state's argument regarding the standard of review. The state urges that the challenged testimony should be evaluated by the federal standard of review, i.e., whether the manifest intent of the comment was directed to silence or the remark was such that the jury would naturally and necessarily take it to be such a comment. This is the standard used by two district courts, in Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982), and State v. Bolton, 383 So.2d 924 (Fla. 2d DCA 1980).[1] However, we have disapproved Gains and Bolton in State v. Kinchen, 490 So.2d 21 (Fla. 1985). The standard of review in Florida is whether the comment is "fairly susceptible" to an interpretation which would bring it within the prohibition against comments on silence. Kinchen.
With this standard of review in mind, we find little difficulty in dealing with the state's next contention. The state urges that Ciani's comment was not error because of the rationale of Donovan v. State, 417 So.2d 674 (Fla. 1982). In Donovan we held that an officer's comment on a defendant's silence after a Miranda warning was not error. However, in Donovan there was no way the officer's comment could have been taken to be improper evidence of the defendant's exercise of his right to remain silent because the defendant never exercised the right. In the instant case, Thornton clearly exercised his right to remain silent after the Miranda warning at the arrest scene and he continued to exercise the right for more than an hour. While the comment on this silence can be interpreted to be probative as to the voluntariness of Thornton's subsequent waiver of rights, as in Donovan, it can also be interpreted to be a comment on Thornton's exercise of his right to remain silent. That is enough to constitute error.
*1145 Although we find error, we recently adopted a harmless error rule for comments on silence. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). As we did in Kinchen, we quash the district court decision and remand for consideration in light of DiGuilio.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON and SHAW, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion, in which ADKINS, J., concurs.
EHRLICH, Justice, concurring in part and dissenting in part.
As in Kinchen, 490 So.2d 21 (Fla. 1985), I concur with the majority with respect to the "fairly suceptible" test, but I dissent from the remainder of the opinion for the reasons expressed by me in Kinchen.
ADKINS, J., concurs.
NOTES
[1] Conflict arises in this case because the district court applied the standard of review it adopted in Kinchen v. State, 432 So.2d 586 (Fla. 4th DCA 1983). In Kinchen, the court acknowledged conflict with Gains and Bolton on this point.