520 So.2d 681 (1988)
Lloyd Eugene KORNEGAY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-21.
District Court of Appeal of Florida, First District.
March 1, 1988.
*682 Michael E. Allen, Public Defender, and Sharon Bradley, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Before us is an appeal from a judgment and sentence for manslaughter and driving while license suspended, arising from a traffic fatality caused by appellant's running a stop sign. Three issues are raised for our consideration questioning the trial court's denial of appellant's motion for judgment of acquittal, its admitting into evidence testimony of the investigating officer regarding privileged statements made by appellant at the accident scene, and its allowing testimony regarding similar previous conduct. We affirm.
The evidence adduced at trial established that at approximately 5:40 a.m. on November 24, 1986, appellant was driving to work traveling south on County Road 167 approaching County Road 162. County Road 167 is marked by a stop sign as well as a stop bar. Appellant, who testified on his own behalf, stated that instead of stopping he slowed down, turned his lights down to the parking lights, and then looked for the lights of oncoming traffic. Seeing none, he accelerated into the intersection.
The deceased was driving a diesel tractor pulling a 40-foot trailer fully loaded with logs and traveling east on County Road 162. The vehicles collided with the front of the tractor hitting the back half of appellant's automobile. Both came to rest in a ditch south of the intersection, the tractortrailer having flipped over onto its side. The driver was propelled out of the cab by a log which crashed through the cab's rear window, resulting in his death. Appellant was only slightly injured.
The one witness to the accident was Marvin Butler whose house is located near the intersection. He was in his yard that early morning, as was his usual routine, and testified that after hearing the crash he ran toward the intersection and encountered appellant running from the intersection saying, "I run the stop sign." Butler testified that, before the collision, he noticed both the car and the tractor had their lights on. He also testified over objection that he had seen the same red car run the stop sign on numerous prior occasions, at least four times a week. He positively identified the red car as being the one appellant was driving on the morning of the collision. Butler testified that the car never slowed down when going through the stop sign.
The accident was investigated by Sergeant Hutto and the homicide was investigated by Florida Highway Patrolman Robert See. Appellant was immediately taken to the hospital without having spoken either to Hutto or See; however, at approximately 11:15 a.m. he returned to the site of the accident where he encountered Trooper See and made a spontaneous statement concerning his having been at fault for the accident. Trooper See requested that appellant say nothing further, advised him that he was investigating the homicide, and read to him from the standard Miranda form. Appellant thereafter agreed to give a written statement which revealed that he often ran the stop sign when he was running late for work, although he first dimmed his lights to ascertain if there was any oncoming traffic. He admitted in the statement and later at trial that his approximate speed through the intersection was forty-five to fifty miles per hour. The regular accident report had earlier been completed by Sergeant Hutto who then simply witnessed the statement drafted by Trooper See.
Appellant was charged by information with manslaughter and driving while license suspended. He filed a motion to strike notice of similar fact evidence and a motion to suppress the statements made by him at the scene of the accident to Trooper See. Both motions were denied. Following trial, appellant was found guilty by jury of manslaughter and pled guilty to the *683 charge of driving while license suspended. He was adjudicated guilty of both charges and sentenced to serve five years in prison followed by three years' probation for the manslaughter charge and a concurrent term of sixty days on the license suspended charge.
Turning first to appellant's point II, we hold that the trial court did err in admitting into evidence Marvin Butler's testimony regarding the red car frequently running the stop sign. We agree with appellant's position that Butler's testimony did not contain any points of similarity identifying appellant as being the red car's driver. Drake v. State, 400 So.2d 1217 (Fla. 1981). Butler's testimony only identified the red car in the collision as the one he had noticed running the stop sign on prior occasions. He did not testify that appellant was driving the car on those other occasions. Nonetheless, we hold the error to be harmless in light of appellant's own testimony that he oftentimes did not stop at the sign, although always cutting down his lights to determine whether there were oncoming cars. Appellant's position was that such cautionary measures removed his action of running the sign on the morning in question from the realm of culpable negligence.
Similarly, we hold that the trial court's allowing Trooper See to testify regarding appellant's statements made to him at the scene was error, though harmless error. Appellant correctly argues that the statement made to Trooper See was privileged under section 316.066(4), Florida Statutes, and that the supreme court's decision in Brackin v. Boles, 452 So.2d 540 (Fla. 1984), eliminated the distinction between statements which are privileged as part of an accident investigation and statements which are not so privileged as being part of a concurrent homicide investigation. However, the error in the instant case was harmless in light of appellant's testimony regarding his practice of running the stop sign, and his admission on cross-examination that he had no dispute with anything that had been testified to by Trooper See.
Finally, in light of Butler's admissible testimony, as well as appellant's own testimony to the effect that he often ran the stop sign and made a conscious decision to do so on the morning in question, we also hold that there was sufficient competent evidence presented by the State to allow the issue of culpable negligence to go to the jury. Lynch v. State, 293 So.2d 44 (Fla. 1974). Appellant would analogize this case to the facts in Peel v. State, 291 So.2d 226 (Fla. 1st DCA 1974), wherein this Court held the evidence of the defendant's running a stop sign to be insufficient to classify his conduct as culpable negligence. However, in the instant case, there was more involved than just an isolated incident of running the stop sign, including evidence of appellant's conscious decision to run the sign, and we would hold that there was competent and substantial evidence to support the jury's verdict.
Based on the foregoing, the judgment of conviction and sentence for manslaughter is affirmed.
BOOTH and ZEHMER, JJ., concur.