PER CURIAM.
This case is before this court for a new appeal after remand from the Eleventh Circuit Court of Appeals as directed in Matire v. Wainwright, 811 F.2d 1430 (11th Cir.1987). Therein the Eleventh Circuit determined that the Defendant, Matire, received inadequate appellate representation on his first direct appeal from his conviction for first degree murder. The Eleventh Circuit ruled that the failure of Matire’s appellate counsel to raise on appeal the issue of the improper comments on Matire’s post-arrest silence fell below the range of competence required of attorneys in criminal cases. Herein we adopt those findings of the Eleventh Circuit which are material to the determination of this appeal. We note that the Eleventh Circuit did not order a new trial, but rather, remanded to this court for a new direct appeal, leaving it to this court to determine on review whether new trial is necessary. Although the Eleventh Circuit found harmful error in the appellate counsel’s failure to raise the issue of the improper comments on the defendant’s post-arrest silence, we can only conclude that ruling was for purposes of mandating a new appeal and is not binding on this court in its review of the merits of the appeal, otherwise the remand to this court would serve no useful purpose and the Eleventh Circuit would have itself ordered a new trial.
The issue remaining to be resolved is whether the impermissible comments on the appellant’s exercise of his right to remain silent constituted harmful error which would require a new trial.
The three references to the defendant’s silence are fully set out in the Eleventh Circuit’s opinion. The first improper comment occurred when the prosecutor questioned the testifying arresting officer as to whether he had informed Matire of his Miranda rights. The prosecutor concluded his questioning by asking whether, after being advised of his rights, Matire had made a statement. In response the officer stated that Matire had said nothing. Ma-tire’s counsel moved for a mistrial on the basis of this comment but the trial court denied the motion. A second impermissible comment occurred when the prosecutor followed the same line of questioning with a second police officer, who also indicated that Matire had made no statement. The third improper comment was made during closing argument when the prosecutor stated, in rebuttal to Matire’s insanity defense:
The very first thing that happened to that man [after his arrest], the very first thing after that, they warned him of his civil rights that he may have, and asked if he wanted to say anything, and he said no.
The implication of this argument was that Matire was sane enough not to speak.[1]
For more than twenty years the standard for reviewing such comments has been contained in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) wherein the United States Supreme Court determined that there are some constitutional errors which, within the setting of a particular case, may be deemed harmless. The Court explained that, in determining whether an error was harmless, the question is whether there is a reasonable possi *1170 bility that the evidence complained of might have contributed to the conviction.
The Chapman harmless error rule was adopted by the Florida Supreme Court in State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Therein the supreme court explained that the harmless error test places the burden on the state as the beneficiary of the error, to prove beyond a reasonable doubt that the error did not contribute to the verdict. Application of the test requires a two-step analysis. First the court examines the permissible evidence on which the jury could have legitimately relied, to determine whether it was clearly conclusive. Next the court conducts an even closer examination of the impermissible evidence to determine whether it might have possibly influenced the jury. Based upon this analysis the supreme court determined that the permissible evidence against DiGuilio was not clearly conclusive and that the improper comment highlighted for the jury the fact that the defendant was not testifying. Thus, the court concluded that the prosecutor’s comment on the defendant’s silence was harmful error.
Applying the two-step analysis in the case at bar this court should first determine whether the permissible evidence was conclusive. The defendant’s defense was insanity and there was a great deal of evidence which showed that he had serious mental problems for a very long time. The defense witnesses testified that Benhardt “came at” Matire and that Matire had said he was going to the lounge to commit suicide in front of his former girlfriend. Additionally, the psychiatric testimony indicated that Matire was schizophrenic and may have been having a panic reaction. Thus it appears that the permissible evidence was not conclusive.
Next this court should determine whether it can declare beyond a reasonable doubt that the impermissible evidence did not affect the jury verdict. The prosecutor twice brought out the point that the defendant was silent and also made the argument in closing. Specifically, the prosecutor used the improper comment to attack Matire’s insanity defense when he improperly commented, “The very first thing that happened to that man [after his arrest], the very first thing after that was that, they warned him of his civil rights that he may have, and asked if he wanted to say anything, and he said no.” The implication was that Matire was sane enough to know to remain silent. Applying these tests to the case at bar we independently conclude that the improper comments concerning the defendant’s post arrest silence were harmful error since there is a reasonable possibility that the errors complained of might have contributed to the conviction.
Based upon the foregoing we reverse and remand for new trial.
ANSTEAD and WALDEN, JJ„ concur.
LETTS, J., dissents with opinion.

. We note that, in Florida, the courts have adopted a very liberal rule for determining whether a comment constitutes a comment on silence. Any comment which is "fairly susceptible” of being interpreted as a comment on silence will be treated as such. State v. Kinchen, 490 So.2d 21 (Fla. 1985).