## HUNNICUTT v STATE OF FLORIDA

### Case No. 88-70-AP (County Court Case No. 88-12627-MM)

Fourth Judicial Circuit, Duval County

March 14, 1989

**APPEARANCES OF COUNSEL**

**James T. Miller,** Assistant Public Defender, for appellant.

**Joel B. Toomey,** Assistant State Attorney, for appellee.

**OPINION OF THE COURT**

ALBAN E. BROOKE, Circuit Judge. *JUDGMENT ON APPEAL*

Defendant was convicted in the County Court, Duval County, John E. Mathews, III, Judge, and he appealed.

At a jury trial, the jury convicted defendant Hunnicutt of driving under the influence of alcohol. During closing argument the State made the comment upon which this appeal is based. The comment was:

"Now, the defendant, of course is trying to argue that, well, all you have is an officer's opinion. And then of course you have the observation of another officer, which I'll get into. And that is not

enough to convict somebody. Well, who had the evidence in this case that would have shown *scientifically* what the defendant's blood alcohol level was. Who had that evidence? It was the defendant."

The defendant objected at that point and after an unreported sidebar conference the Court overruled the objection and the State went on to say:

"The defendant had this evidence in the form of his breath, that is what he had. And he could have blown into that intoxilyzer instrument and he could have shown you, the jury, what his blood alcohol level was. But he refused to take that test."

The question on appeal is two-fold: Were the comments of the prosecutor (to which objection was timely made) improper as a comment on defendant's silence and, if so, do they fall within the harmless error analysis generally applied to such comments?

It is clear that the comments hereinabove quoted were made in response to argument of the defendant that there was insufficient testimony to believe the defendant guilty based upon the testimony of the police officers and the employees of the jail.

The State's comment contained the specific word, "scientifically" which is emphasized by this Court in this prior quotation.

Considering the invited response and the specific reference to *"scientifically,"* it is this Court's opinion that such was not a comment on the defendant's silence and consequently there is no need to reach the second point of whether or not error was harmful; there having been no error. *State v DiGuilio,* 491 So.2d 1129 and *State v Kinchen,* 490 So.2d 21.

The comments of the prosecutor having been proper comments upon the refusal of the defendant to take the intoxilyzer, this matter is AFFIRMED.

DONE AND ORDERED at Jacksonville, Duval County, Florida, this March 14, 1989.