553 So.2d 254 (1989)
Russell WEST, Appellant,
v.
STATE of Florida, Appellee.
Nos. 88-2561, 88-2562, 88-2585, 88-2586 and 88-2587.
District Court of Appeal of Florida, Fourth District.
November 22, 1989.
Clarification Denied January 10, 1990.
*255 Henry Lee Paul of Lazzara, Caskey, Polli, Gillick and Paul, P.A., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
GUNTHER, Judge.
Russell West (West) appeals the judgments of conviction and sentences for DUI manslaughter, driving with a suspended license and violation of probation. We reverse as to the DUI conviction but affirm the conviction for driving with a suspended license and the revocation of probation.
We agree with West's assertion that the trial court committed reversible error in admitting evidence that he had a trace of valium in his blood. Although the state elected only to charge and prosecute West on alcohol-based DUI manslaughter, the state, over defense objection, introduced evidence that West was driving under the influence of alcohol as well as a trace amount of valium. Since the expert testimony was that the valium had no measurable effect on West's driving, the evidence concerning valium had no probative value or relevance to the charge of driving under the influence of alcohol and it was unfairly prejudicial. Thus, it should have been excluded. See State v. McClain, 508 So.2d 1259 (Fla. 4th DCA 1987), aff'd. 525 So.2d 420 (Fla. 1988).
West correctly asserts that the admission into evidence of his prejudicial statements and admissions were violative of the accident investigation privilege set forth in § 316.066, Fla. Stat. (1987).
§ 316.066(4) provides in pertinent part:
Each accident report made by a person involved in an accident shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes ... No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident...
*256 A dispute arose in the instant case as to the admissibility of statements or admissions made by West to police officers after his automobile accident. Such admissions, when made in the context of an accident investigation, are inadmissible pursuant to the above statute which requires a driver to cooperate in the preparation of an accident report. However, they are admissible if uttered voluntarily in the course of a criminal investigation after the appropriate Miranda warnings have been given. Recognizing that it may be difficult for a defendant to realize when an accident investigation has ended and a criminal investigation has begun, courts have held that unless a defendant has been apprised by police that the questions being asked are part of a criminal investigation, the statements made in response to those questions will be deemed privileged pursuant to § 316.066(4). Elder v. Robert J. Ackerman, Inc., 362 So.2d 999 (Fla. 4th DCA 1978); Nash Miami Motors, Inc. v. Ellsworth, 129 So.2d 704 (Fla. 3d DCA 1961).
In the instant case, West was subjected to express questioning while in police custody both before and after being informed of his Miranda rights. He made prejudicial statements to Officer Schuller (while being transported in the back of the police car to the hospital for blood and urine tests after being placed under arrest), and to Investigator McGrew (while at the hospital after being informed of his Miranda rights and requesting an attorney). Because the police never apprised West of the distinction between the accident and criminal phases of the investigation, we hold that the statements at issue fall within the accident investigation privilege and are thus inadmissible pursuant to § 316.066(4).
Citing Rolle v. State, 528 So.2d 1208 (Fla. 4th DCA 1988), West contends that the trial court committed reversible error by instructing the jury as to the blood alcohol level results and the prima facie findings and rebuttable presumptions to be derived therefrom. The disputed portion of the jury instruction is as follows:
If you find from the evidence, number one, that the defendant had a 0.05 percent or less by weight of alcohol in his blood, he is presumed not to be under the influence of an alcoholic beverage to the extent his normal faculties are impaired. You may disregard the presumption if it has been rebutted by other evidence. Number two, that the defendant had in excess of 0.05 percent but less than 0.10 percent by weight of alcohol in his blood, there is no presumption that the defendant was or was not under the influence of an alcoholic beverage to the extent that his normal faculties were impaired. Such facts, however, may be considered with other competent evidence in determining whether the defendant was under the influence of an alcoholic beverage to the extent his normal faculties were impaired. Three, that the defendant had 0.10 percent or more by weight of alcohol in his blood, it's prima facie evidence that the defendant was under the influence of an alcoholic beverage to the extent that his normal faculties were impaired. The defendant has entered a plea of not guilty. This means you must presume or believe the defendant is innocent. The presumption stays with the defendant as to each material allegation in the information, through each stage of the trial until it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt. To overcome the defendant's presumption of innocence the State has the burden of proving the following two elements: Number one, the crime with which the defendant is charged was committed and two, the defendant is the person who committed the crime. The defendant is not required to prove anything.
As in Rolle, this instruction created an unconstitutional mandatory rebuttable presumption on the issue of impairment, which is an issue that must be proved by the state beyond a reasonable doubt. Moreover, the instruction, contrary to the suggestion of the Rolle court, did not make clear that the presumption is purely permissive and the assessment of the underlying facts and the weight to be accorded them is entirely within the jury's determination. Id., at 1210. Therefore, based on Rolle, we conclude the trial court erred by reading to the jury the disputed instruction.
*257 West argues that at two points in the state's case-in-chief witnesses impermissibly commented on his right to remain silent and right to an attorney. The two pertinent exchanges are as follows:
Q. (BY MISS OWENS, ASSISTANT STATE ATTORNEY) What happened after that? Let me ask you this: approximately how long did it take to complete the drawing of the two blood samples?
A. (BY OFFICER MONTI) Half hour.
Q. What happened after that?
A. After that Officer Schuller read the rights from the Miranda cards, at which time the defendant advised he understood them and 
MISS OWENS: Thank you.
MR. ENTIN (APPELLANT'S COUNSEL): I would like to make a motion at side bar, if I can.
(R. 468).
* * * * * *
Q. (BY MISS OWENS) What happened first? Did the lab technician come down?
A. (BY OFFICER SCHULLER) Yes. At 7:10 in the morning I had the first blood sample drawn. Prior to that however, I did read Mr. West his Miranda rights as well as implied consent and before the lab technician drew the blood I asked him if he understood his rights and he said, "Yes" he did. And, I asked him if he would answer any of my questions and 
Citing State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), and State v. Thornton, 491 So.2d 1143 (Fla. 1986), West maintains this implication constitutes reversible error.
In Thornton, the Supreme Court, referring to its earlier opinion in State v. Kinchen, 490 So.2d 21 (Fla. 1985), stated that the standard of review for testimony challenged as impinging on a defendant's right to remain silent is whether the testimony is "fairly susceptible" to an interpretation which would bring it within the prohibition against comments on silence. Thornton, 491 So.2d at 1144.
In our view, because the statements by Officers Monti and Schuller are fairly susceptible to an interpretation that they were comments of West's exercise of his right to remain silent, their admission was erroneous. In light of the other evidentiary errors committed below, this error is not harmless.
Finally, West challenges the violation of probation order contending that the trial court erred by basing its findings solely on the evidence presented at trial and by failing to enter a written order with articulated reasons for finding that West violated his probation. We note first that West agreed not to present any defense to the alleged probation violation other than the evidence presented during the trial of the case-in-chief. See State v. Spratling, 336 So.2d 361 (Fla. 1976). Furthermore, West did not object to the trial court's finding that the evidence at trial was sufficient to prove there was a violation of probation, thus, he failed to preserve the issue for appellate review. We agree, however, that the trial court erred in failing to reduce to a written order his oral pronouncement of the revocation of probation based on the conviction for driving with a suspended license.
In conclusion, we reverse the DUI conviction and remand for a new trial on that charge. We affirm the revocation of probation based on the conviction for driving with a suspended license but remand for the entry of a written order thereon.
GLICKSTEIN and WALDEN, JJ., concur.