CAMPBELL, Judge,
dissenting.
I must respectfully dissent. There is no evidence in the record that even tends to prove that all four of the individuals arrested in this ease actually participated in the burglary. The actual burglary of the building from which the three firearms were stolen could have been committed by any combination of the four persons ultimately arrested. There is no evidence to indicate that A.F. was one of the actual participants.
The majority relies on Hardee, 516 So.2d at 110. I believe this case is more closely analogous to Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982), disapproved on other grounds, State v. Kinchen, 490 So.2d 21 (Fla.1985). The Hardee court distinguished Gains but it is just that distinguishing factor in Hardee that is absent from this case as the evidence pertains to A.F. The Hardee court stated:
Appellant relies on Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982), disapproved on other grounds, State v. Kinchen, 490 So.2d 21 (Fla.1985). That case is distinguishable, however, because there the court found that the evidence failed to establish that the alleged “wheel man” in an armed robbery was a willing, active participant in the robbery. Here, appellant was certainly an active participant in the burglary.
516 So.2d at 111 (emphasis supplied).
The only evidence relating to A.F. was that he was one of four individuals seated in a car that was stopped by Winter Haven police officers who had heard a burglar alarm go off at 1:00 a.m., and then observed “at least 3, maybe 4” run from the direction of the sounding burglar alarm (emphasis supplied). The officers did not see the running individuals well enough to identify any of them, lost sight of them momentarily and then came upon the automobile which was leaving the vicinity with the four individuals, including A.F., in it. The officers did discover three semiautomatic pistols in the car that had been stolen from the burglarized building. While that is evidence that some of the four individuals were in the burglarized building, it is not sufficient to identify A.F. as one of the active participants sufficiently to justify his conviction of armed burglary. This is particularly inadequate where the evidence to support an armed burglary in this case *97 derives from the fact that the active burglary participants armed themselves by stealing the firearms once they were inside the burglarized building. Similarly, the evidence that A.F. was sweating and out of breath is, at most, only evidence that A.F., after a burglary alarm started sounding, was running, not that he was ever inside the building. I find the evidence insufficient to place A.F. inside the building and would reverse.
For this reason, I believe the majority has misapplied Law, 559 So.2d at 187. The sentence quoted refers to the burden of proof that the state must meet before a case based solely on circumstantial evidence is allowed to go to the jury. The state here did not carry that burden because it did not rebut any portion of the defendant’s hypothesis of innocence. There was insufficient evidence to allow the case to go to the fact-finder, much less for the fact-finder to find A.F. guilty.