## STATE OF FLORIDA v CAVO

### Case No. 05092 OB

County Court, Dade County

January 11, 1991

## OPINION OF THE COURT

JONATHAN B. COLBY, County Judge.

THIS CAUSE, having come on to be heard before me upon the Defendant's Motion to Suppress the results of his urine test and counsel for both parties having been present, and argument and testimony having been had, and the court having been fully advised in the premises, it is hereby,

ORDERD AND ADJUDGED that the foregoing motion is GRANTED and that the results of the urine test performed upon the Defendant shall be SUPPRESSED. The grounds on which this motion is granted are as follows:

On or about September 22, 1990, Officer Hayes of the Miami Beach Police Department arrested the Defendant for Driving Under the

Influence pursuant to Florida Statute 316.193 (1989). The Defendant was then brought to the Miami Beach Police Department for the purpose of a breath and/or urine test.

At the Police Department, Officer Weissman performed two (2) breath tests on the Defendant which resulted in .083/.088 blood alcohol content readings respectively. The Officer then requested that the Defendant submit to a urine test and the Defendant complied with this request. The results of the urine test indicated the presence of cocaine.

Richard Maclure, Toxicologist for Dade County's Toxicology Services Office and the person who tested the Defendant's urine admits that this drug in the Defendant's urine may have not had any effect upon the Defendant because it is an excreted drug. He testified that cocaine can remain in the urine for more than twelve (12) hours after ingestation. He also testified that the drugs were unquantifiable in the Defendant's urine due to the fact that no correlation has been established between urinary drug concentrations and the time a drug was taken.

The Florida Supreme Court has held that it is the State's burden to prove that contested evidence is relevant. *Hitchcock v State,* 413 So.2d 741, 744 (Fla. 1982), *cert. den.,* 103 S.Ct. 174 (1982). Thus, the burden is upon the State to prove to the Court that the contested evidence which permit facts to be introduced at trial are relevant to prove a fact in issue. Otherwise, admissible evidence may be precluded by some specific rule of evidence. *See:* 23 Fla.Jur.2d section 122, P. 146.

There are two types of relevant evidence; evidence which is logically relevant and evidence which is legally relevant. The Florida Evidence Code defines relevant evidence as "evidence tending to prove or disprove a material fact." Florida Statute 90.401. Such evidence is logically relevant. However evidence may be *logically* relevant but still be excluded due to the fact that it is not *legally* relevant. For instance, relevant evidence is inadmissible if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury or needless presentation of cumulative evidence." Florida Statute 90.403. Relevant evidence is also inadmissible when used "solely to prove bad character or propensity." Florida Statute 90.404(2)(b).

In *State v McClain,* 525 So.2d 410 (Fla. 1988), the Florida Supreme Court specifically agreed with the trial court's finding in a vehicular manslaughter case that the prejudicial impact of the unquantifiable presence of cocaine in the suspect's blood was not outweighed by its

**203**

potential relevance. *Id.* at 422. *See also: West v State,* 553 So.2d 254 (Fla. 4th DCA 1989); *State v Zuckerman,* Case #88-31620 MM10 (decided June 1, 1989, Broward County Court).

In order for the Court to determine the issue *sub judice,* the testimony of the State's expert is crucial. In his testimony, Toxicologist Maclure indicated that it could not be determined how much cocaine the Defendant had ingested or when, prior to his arrest, such substance had been taken. Further, he testified that a person who tested positive for this substance may not be under the influence of cocaine when his urine was taken due to the fact that urine is a waste product which is not necessarily indicative of an individual's present level of influence.

Clearly, the testimony of this State expert proves that the urinalysis result in this case in no way proves a material fact, and therefore no logical relevancy exists. Furthermore, any remote probative value this evidence might have is substantially outweighed by prejudice, confusion and misleading of the jury; thus, it should be excluded on the basis that it is legally irrelevant pursuant to Florida Statute 90.403. *See: State v Cadore,* Case No. AQ 85908 (decided April 21, 1984, Dade County Court). As was noted in *McClain,* this court refuses to accept the rationale of the First District Court in *State v Weitz,* 500 So.2d 657 (Fla. 1st DCA 1986), *criticized,* 525 So.2d 420, 423 (1988). While in *Weitz* the blood alcohol content was so low (.017%) as to give the urine test more relevance in relation to the issue of impairment, testimony has shown that the Defendant's level of impairment as observed by the officer could have occurred as a direct result of his blood alcohol level of .083/.088%. Additionally, some of his actions may be attributed to his diabetic condition and his miscalculation as to the needed amount of insulin he needed that day.

In *Perper v Edell,*[1] the issue in dispute was whether Edell listed property for Perper. The jury, however, heard testimony that Edell suffered from severe agitative depression, was suicidal, had hallucinations and was psychotic. The appellant argued that the aforementioned testimony was relevant in regard to the question of whether or not Edell entered into the agreement. However, the Supreme Court concluded that even if the evidence was relevant, it certainly tended to confuse and mislead the jury and its admission was improper. *Id.* at 80.

The testimony of any State witness regarding the fact that a controlled substance was in the Defendant's urine would not prove a material fact and would be both confusing and misleading. Further-

[1] 44 So.2d 78 (Fla. 1989)

more, the evidence would also have the effect on the jury that the *Williams*[2] rule seeks to prevent; that is, that the Defendant may be of bad character or has a propensity to commit crimes by ingesting illegal or controlled substances.

The mere mention of the use of cocaine would have the effect of branding the Defendant as a drug user, or one who is involved in drugs. Such an effect would be improper, as the Defendant is not on trial for drug abuse, and the jury should not be concerned with that. Rather, the issue is whether the Defendant was driving under the influence of controlled substances to the extent that his normal faculties were impaired on September 22, 1990 and the urinalysis results are not relevant to this issue. Further, even if deemed relevant, such results are indeed more prejudicial to the Defendant's rights to a fair trial than relevant.[3]

This court hereby GRANTS the Defendant's motion suppressing the results of the urine test. By this order, this court also, based upon the State's representation that they will seek an appeal on this issue, grants the State's ore tenus motion to extend the speedy trial period pursuant to Rule 3.191(f), and extends the time period to ninety (90) days from the date of the appellate mandate even though this is the last day of the speedy trial period.

DONE AND ORDERED at Dade County, Florida on this 11th day of January, 1991.

---

[2] *Williams v State,* 110 So.2d 654 (Fla. 1959).

[3] The court notes in passing that even those in charge of testing for impaired drivers disapprove of the use of urine testing. In a report filed in 1983 by the Proficiency Testing Advisory Committee, Task Force of Highway Safety, the committee (chaired by then-chief of Dade County's Toxicology Unit, Dr. Leonard R. Bednarczyk, Ph.D) stated that ". . . from a scientific, pharmacologic, and forensic toxicologic standpoint, urine is not a suitable specimen for establishing the relationship between impairment (mental and/or physical) and a possible cause for that impairment, i.e., drugs."