617 So.2d 340 (1993)
STATE of Florida, Appellant,
v.
Leonard RILEY, Appellee.
No. 92-508.
District Court of Appeal of Florida, First District.
April 13, 1993.
*341 Robert A. Butterworth, Atty. Gen., Sara D. Baggett, Asst. Atty. Gen., for appellant.
Nancy A. Daniels, Public Defender, Abel Gomez, Asst. Public Defender, for appellee.

CORRECTED OPINION
KAHN, Judge.
The State of Florida brings this appeal pursuant to the county court's certification of the following question as one of great public importance:
WHETHER STATEMENTS MADE IN THE COURSE OF A POST ACCIDENT INVESTIGATION BY AN INDIVIDUAL NOT IN POLICE CUSTODY AND NOT GIVEN WARNINGS PURSUANT TO MIRANDA V. ARIZONA ARE PRIVILEGED UNDER SECTION 316.066, FLORIDA STATUTES (1991).
On July 13, 1991, Leonard Riley was involved in a two car accident in Leon County. Deputy Mike Helms responded to and investigated the accident. When he arrived at the scene, Deputy Helms found Riley in the median and his head was bleeding. Deputy Helms smelled alcohol on Riley and, as part of the accident investigation, asked Riley if he had been drinking and driving. Riley responded in the affirmative. Deputy Helms had not given Riley Miranda warnings and stated that at the scene Riley was "not free to leave only because of his injuries, certainly not because of me." Riley was transported to the hospital where he was informed of his rights regarding the taking of a blood sample. Riley agreed to have his blood drawn, and tests on the blood revealed a blood alcohol level of .23 percent. On September 18, 1991, Riley was arrested for driving under the influence of alcohol.
Riley filed a motion to suppress the results of the blood alcohol test and a motion to suppress the statements made under the accident report privilege. The court denied the motion to suppress the results of the blood test but granted the motion to suppress the statements. The county court reasoned that the 1991 amendment to section 316.066(4), Florida Statutes, did not change the pre-amendment case law requirement that a law enforcement officer must apprise a defendant when the officer's questions are part of a criminal investigation, so that a defendant may understand that his answers to the officer's questions are no longer privileged. The county court also certified the aforementioned question as one of great public importance. We accepted jurisdiction.
Prior to July 1, 1991, section 316.066(4), Florida Statutes, commonly known as the accident report privilege, provided in part:
[E]ach accident report made by a person involved in an accident and any statement made by such person to a law enforcement officer for the purpose of completing an accident report required by this section shall be without prejudice to the individual so reporting. No such report or statement shall be used as evidence in any trial, civil or criminal.
The rationale of the privilege was to "encourage people to make a true report of the accident in order to facilitate the ascertainment of the cause of accidents, thus furthering the state's ultimate goal of making the highways safer for all of society." Department of Highway Safety and Motor Vehicles v. Corbin, 527 So.2d 868, 871 (Fla. 1st DCA 1988), rev. denied, 534 So.2d 399 (Fla. 1988). See State v. Coffey, 212 So.2d 632 (Fla. 1968), receded from on other grounds, Brackin v. Boles, 452 So.2d 540 (Fla. 1984), and Wise v. Western Union Telegraph Company, 177 So.2d 765 (Fla. 1st DCA 1965). In addition, it has been long recognized that the accident report privilege is based on the privilege against self incrimination. Wise v. Western Union Telegraph Company, supra. Clearly, a *342 statute could not compel a person involved in an accident to make a report or statements concerning the accident unless the statute were construed to preserve the person's privilege against self incrimination. In Wise this court also recognized that the privilege was in derogation of the common law and should be strictly construed, but not so strictly construed as to defeat the legislative purpose. 177 So.2d at 767.
In State v. Coffey, 212 So.2d 632, 635 (Fla. 1968), the supreme court created a new test as to the application of the privilege. The court held that the investigating officer could "change hats" after completing the accident report and begin a criminal investigation into the accident. Statements obtained during the criminal investigation of the accident would be admissible as long as "every precaution is taken to make sure that the accused's constitutional rights are protected." 212 So.2d at 635.
In Brackin v. Boles, 452 So.2d 540, 544 (Fla. 1984), the supreme court revisited the "change hats" test:
We now see no need for a distinction between the accident report investigation and the criminal investigation except as it pertains to a defendant's individual communications to a police officer or in a report submitted by a defendant in accordance with the statute.
* * * * * *
The distinction this Court has previously made between investigations for accident report purposes and investigations for purposes of making criminal charges is artificial, is not a proper interpretation of the statute, and must be eliminated. We clearly and emphatically hold that the purpose of the statute is to clothe with statutory immunity only such statements and communications as the driver, owner, or occupant of a vehicle is compelled to make in order to comply with his or her statutory duty under section 316.066(1) and (2).
This court interpreted Brackin as eliminating the distinction between statements made during accident investigations and statements made during a criminal investigation. Kornegay v. State, 520 So.2d 681 (Fla. 1st DCA 1988). But see Alley v. State, 553 So.2d 354 (Fla. 4th DCA 1989), rev. denied, 563 So.2d 634 (Fla. 1990), and West v. State, 553 So.2d 254, 256 (Fla. 4th DCA 1989), disapproved, State v. Norstrom, 613 So.2d 437 (Fla. 1993).
The legislature amended section 316.066(4) in 1991 by adding the underlined language:
[E]ach accident report made by a person involved in an accident and any statement made by such person to a law enforcement officer for the purpose of completing an accident report required by this section shall be without prejudice to the individual so reporting. No such report or statement shall be used as evidence in any trial, civil or criminal. However, subject to the applicable rules of evidence, a law enforcement officer at a criminal trial may testify as to any statement made to the officer by the person involved in the accident if that person's privilege against self-incrimination is not violated.

The same session law, Chapter 91-255, Laws of Florida, added subsection (3) to section 316.062:
The statutory duty of a person to make a report or give information to a law enforcement officer making a written report relating to an accident shall not be construed as extending to information which would violate the privilege of such person against self-incrimination.
The county court's ruling on the motion to suppress contains a finding that Riley was not in custody at the time he made incriminating statements to Deputy Helms. The import of this finding is that Mr. Riley was not subjected to custodial interrogation so as to trigger his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The finding of no custody was not, however, of significance to the trial judge who concluded that the 1991 amendment would not change interpretation of the accident report privilege. Expressly relying upon West v. State, 553 So.2d 254 (Fla. 4th DCA 1989), and Norstrom v. State, 587 So.2d 1148 (Fla. 4th DCA 1991), the trial judge found *343 that since the officer did not apprise Riley that a criminal investigation was underway, that Riley's statements must be suppressed.
We note that the supreme court has now disapproved West and overruled the Fourth District's decision in Norstrom. State v. Norstrom, supra. In Norstrom, the supreme court dealt with the pre-1991 version of section 316.066(4), but found nonetheless that the proper inquiry should be upon whether the defendant's Fifth Amendment rights were violated. 613 So.2d at 439. According to the Norstrom court, the purpose of the statutory privilege under section 316.066(4) is "to ensure that accident information could be compelled without Fifth Amendment violations." Id. In Norstrom the defendant had been read the "Miranda warning," while in the present case Riley was not. This distinction is of questionable significance, however, because Riley was not in custody.
We hold that pursuant to the supreme court's decision in Norstrom, and certainly by virtue of the 1991 amendments to sections 316.062 and 316.066, the court must focus upon the question of whether the defendant's constitutional right to be free from self incrimination has been violated. Pursuant to the 1991 amendments, no driver is now compelled by statutory requirement to give incriminating information to a law enforcement officer investigating a traffic accident. An officer may now testify to statements that are voluntarily made by a driver and that have not been obtained in violation of Fifth Amendment protections. Concomitantly, a driver may not be subjected to a civil infraction for failure to make a report or give information to a law enforcement officer making a written report relating to an accident, where the information sought would be incriminating. The driver who is under investigation, but not in custody so as to trigger rights pursuant to Miranda, now has the same protection, no more and no less, as anyone else suspected of criminal activity. The Fifth Amendment is not of necessity implicated by roadside questioning of a driver by an officer following a traffic stop. Berkemer v. McCarty, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).[1]
Since a driver involved in an accident now has no statutory obligation to give a statement or any other information to an officer which may be self incriminating, the trial court in criminal cases must closely examine the facts in order to determine whether a driver's constitutional rights have been violated by custodial interrogation or otherwise. Mere invocation of the accident report privilege is no longer the potion.
An unqualified negative response to the question certified by the county court, supra, might suggest that we have ruled that statements made during a post-accident investigation by an individual not in police custody are never privileged. Such would be overly broad and inconsistent with Norstrom. Therefore, we hold that the trial court must review the facts on a case-by-case basis in order to determine whether a violation of a defendant's constitutional rights has occurred. The existence, or lack, of custodial interrogation will obviously be one factor in the case-by-case determination.
We answer the certified question, as qualified, in the negative, reverse the suppression order, and remand this case to the county court of Leon County for further proceedings.
WIGGINTON and MICKLE, JJ., concur.
NOTES
[1] We note that appellee does not argue that the statutory scheme is itself unconstitutional.