POLEN, Judge.
Appellant, Maxine Devers-Lopez (Devers-Lopez), was convicted of driving under the influence of alcohol and/or Halcion in violation of section 316.193(1), Florida Statutes (1995). She appeals three rulings by the trial court relating to the suppression of her urinalysis results and hospital records, and failure to give a requested jury instruction. We reverse on two of the three points raised.
Prior to driving on the date in question, Devers-Lopez alleges she took her estranged husband’s sleeping medication, Halcion, believing it to be her prescription medication, Valium. After her arrest, Devers-Lopez gave a breath alcohol test of 0.011%. Hospital tests taken later showed she did not have any alcohol in her system. A post-arrest urinalysis also taken at the hospital revealed traces of opiates, cocaine metabolites, and THC.
The state charged her by information with driving under the influence of alcohol and/or Triazolam (an ingredient found in Halcion). Her pretrial motions to exclude the urinalysis results and hospital records were denied. Although she conceded that her normal faculties were impaired when she was stopped by police, she defended at trial on the ground that she was involuntarily intoxicated. The court denied her request for a jury instruction on her defense, and she was convicted as charged.

I. Jury Instruction on Involuntary Intoxication

Recently, this court ruled that a defendant may assert the defense of involuntary intoxication where there is evidence that he unknowingly ingested a substance which caused him to become impaired, and drove without the knowledge that he was or would become impaired while driving. Carter v. State, 710 So.2d 110 (Fla. 4th DCA 1998). Here, Devers-Lopez testified at trial that, after she ingested what she thought was Valium, she began driving to her friend’s house, exited a ramp onto the highway, but could not remember what happened thereafter. (The state’s toxicologist testified that consuming Valium would not have had impaired her ability to drive. ) Since the evidence raised the issue as to whether she had unknowingly ingested a drug which caused her to become impaired once she was already driving, we believe Devers-Lopez was entitled to a jury instruction on this defense. See Boswell v. State, 610 So.2d 670 (Fla. 4th DCA 1992)(holding a party is entitled to have the jury instructed upon the law which applies to his theory of the ease if there is any competent evidence adduced that could support a verdict in his favor).

II. Failure to Suppress Urinalysis Results

Devers-Lopez also argues that the trial court abused its discretion in denying her motion in limine to exclude all evidence of the illegal drugs found in her urine. We agree. The state’s expert testified at the hearing on her motion that these chemical traces would have had no effect on her ability to drive. Since the state never charged her with driving under the influence of these chemicals, we find that the urinalysis results, based on the evidence presented, were irrelevant and unduly prejudicial. See West v. *722 State, 553 So.2d 254, 255 (Fla. 4th DCA 1989).

Ill, Failure to Suppress Hospital Records

Devers-Lopez’ last point on appeal concerns the trial court’s failure to suppress her hospital records which had been subpoenaed by the state, allegedly without notice to her, in violation of the principles espoused in State v. Rutherford, 707 So.2d 1129 (Fla. 4th DCA 1997)(en banc). The trial court already found, however, that Devers-Lopez received notice of the state’s intent to subpoena these records at a status conference. Based on this express finding, we affirm as to this issue.
REVERSED AND REMANDED FOR NEW TRIAL.
GLICKSTEIN and DELL, JJ., concur.