PER CURIAM.
Appellant appeals his convictions for (1) improper exhibition of a dangerous weapon or firearm, and (2) aggravated battery while in possession of a firearm. On appeal appellant makes three arguments for reversal. First, appellant argues that the trial court erred in denying his motion for new trial, because the jury’s verdicts were legally inconsistent.[1] Second, appellant claims that the trial court abused its discretion in denying appellant’s motion for a mistrial, where some testimony supplied by the state had the effect of improperly commenting on appellant’s right to remain *330 silent and/or improperly shifting the burden of proof onto appellant. Third, appellant argues that the trial court abused its discretion in denying his motion for a mistrial, where, on two separate occasions during direct examination, the state’s witness improperly provided inadmissible testimony of appellant’s involvement in collateral crimes, wrongs, or acts.
We find no merit in appellant’s first point on appeal; therefore, we affirm as to that point without discussion. However, we do find merit in appellant’s second argument; accordingly, appellant’s convictions and sentences are reversed and this case is remanded for a new trial. In light of our decision to reverse and remand for a new trial, appellant’s third argument is rendered moot and we decline to address the merits of that issue.
Regarding appellant’s second argument, Officer Gajewski’s testimony is “fairly susceptible” of being understood by the jury as a comment on appellant’s right to remain silent. See State v. Kinchen, 490 So.2d 21 (Fla.1985) (upholding the “fairly susceptible” test adopted in David v. State, 369 So.2d 943 (Fla.1979)). Moreover, Officer Gajewski’s testimony served to improperly shift the burden of proof onto appellant. Jackson v. State, 575 So.2d 181, 188 (Fla.1991) (holding “the state cannot comment on a defendant’s failure to produce evidence to refute an element of the crime, because doing so could erroneously lead the jury to believe that the defendant had the burden of introducing evidence”). Because the state has failed to prove beyond a reasonable doubt that these errors did not contribute to the verdict,[2] we reverse and remand for a new trial.
REVERSED and REMANDED for new trial.
HAWKES, THOMAS, and ROBERTS, JJ., concur.

. In addition to returning the guilty verdicts above, the jury also returned a verdict of not guilty on a charge of discharging a firearm in public.

. "The harmless error test, as set forth in Chapman and progeny, places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” See State v. DiGuilio, 491 So.2d 1129, 1138 (1986) (citing Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)).