341 So.2d 528 (1977)
David Allen WEISS, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-106.
District Court of Appeal of Florida, Third District.
January 11, 1977.
Rehearing Denied January 27, 1977.
*529 Max B. Kogen and Geoffrey C. Fleck, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
HENDRY, Chief Judge.
Appellant, David Allen Weiss, was the defendant in the trial court and appellee, the State of Florida, was the prosecution.
The defendant and a co-defendant, Raymond Russo, both police officers, were charged by information on August 6, 1975, with the crime of aggravated battery, in violation of Section 784.045, Florida Statutes (1973).
The incident for which appellant was charged occurred on July 30, 1975, at a downtown Miami bus station. The victim, Leon McWain, unemployed and an admitted alcoholic, was allegedly beaten by appellant subsequent to his arrest at the bus station for being drunk and disorderly. At the time of the arrest, appellant was off-duty and employed as a part-time security guard at the station.
During the course of the trial, which commenced on December 2, 1975, testimony was elicited from various observers concerning the officers' use of force in restraining the "thrashing and kicking" McWain. The testimony varied but the most damaging appeared to be that of a registered nurse at Jackson Memorial Hospital in Miami, where McWain was taken after his arrest.
The aforementioned testimony was to the effect that upon McWain's arrival, in the custody of the officers, the nurse asked appellant, "What do we have here?" Appellant responded with the statement, "We have a cop beater," and thereupon, pulled the handcuffed McWain, feet first from out of the police vehicle, causing the victim to fall face first onto the ground.
The testimony was then that the officers "guided" the allegedly intoxicated McWain, face first, into a closed entrance door, resulting in McWain's unconsciousness. Next, the testimony was that the officers carried the senseless victim to the Ward D hospital entrance by dragging him, face down, along the ground.
Based upon the above testimony, and other witnesses' statements, appellant was found guilty of the crime of aggravated battery, as charged. The jury, however, acquitted co-defendant Russo of the charge.
On January 15, 1976, appellant was adjudicated and sentenced to five years imprisonment. This appeal follows.
Appellant, in support of a reversal, raises many points on appeal, including (1) an allegation that the state failed to comply with the discovery rules pursuant to Fla.R. Crim.P. 3.220; (2) the failure of the lower court to grant appellant's motion for judgment of acquittal in that the state failed to present evidence of injuries consisting of "great bodily harm, permanent disability, or permanent disfigurement" sustained by McWain, which are necessary to support a conviction of aggravated battery pursuant to Section 784.045 Florida Statutes (1973); and (3) the State's introduction of seventeen color photographs of McWain, showing the victim lying in a hospital bed with various tubes and medical paraphernalia attached to his body, the effect of which appellant argues was cumulative and had an inflammatory effect upon the jurors.
Certainly, comment could be made upon any of the above alleged errors, however, we need not pass upon the validity or invalidity of any of the above in the light of the following.
*530 Appellant additionally cites as error the lower court's denial of appellant's motion for mistrial based upon the prosecution's comment during cross-examination of appellant's failure to go forward with an exculpatory version of events while under investigation by the Internal Security Division of the Miami Police Department for his alleged activities on the night in question. This comment was repeated and re-emphasized by the prosecution during closing argument to the jury.
The comments in question were as follows:
"Did you, at any time, ever receive an offer or an invitation to come to the State Attorney's Office and explain your position to us, prior to your arrest?"
and
"Did you at any time before you testified today, sir, give an account of the events that occurred that evening to anyone other than your counsel?"
And again during closing argument:
"He has not talked to anybody other than his attorney even though in the five or six days, in the interim between the time that this incident occurred at Jackson Memorial Hospital and the time that he was arrested, he never bothered to come up and say, `I understand you are investigating me. Here is how it happened. I never laid a hand on this man' ... [H]e does not even bother to tell a soul until some three or four or five months after this happened, here this afternoon. You can form your own conclusion on that."
We agree with appellant's contention and hold that the above comments concerning appellant's pre-trial silence were improper, prejudicial and violative of appellant's fifth amendment right against self-incrimination.
In following his attorney's advice and refusing to testify or offer any explanation to either the State Attorney or the Internal Security Division prior to his arrest, appellant was simply availing himself of his constitutional guarantee of freedom from self-incrimination. U.S.Const. Amends. V, XIV.
We are therefore of the opinion that the claimed privilege of silence was constitutional in dimension; therefore, it was reversible error not to grant appellant a mistrial when the prosecution attempted to utilize said silence for impeachment of credibility purposes. Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); Shannon v. State, 335 So.2d 5 (Fla. 1976); Bennett v. State, 316 So.2d 41 (Fla. 1975).
In addition, and notwithstanding our aforementioned ruling concerning the applicability of the fifth amendment to the case sub judice, we hold that even if the above constitutional safeguard was inapplicable here, evidence of appellant's silence for impeachment purposes, in light of appellant's attorney's advice to appellant not to testify during the administrative investigation, lacked any real probative value and was so overly prejudicial to appellant's case as to constitute reversible error. c.f. United States v. Hale, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975).
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that reversible error has been demonstrated. Therefore, for the reasons stated and authorities cited, the judgment and sentence appealed are reversed and remanded to the trial court for new trial.
Reversed and remanded.