PER CURIAM.
The defendant appeals his conviction of assault with intent to commit robbery and sentence thereon, following trial by jury.
Defendant’s main point on appeal was that the trial court erred in admitting into evidence testimony which established that defendant had exercised his constitutional right to remain silent and failing to grant a mistrial when the prosecutor relied upon this fact as substantive evidence of guilt of the defendant in closing argument.
We need not go into the sordid details of the crime in this opinion. Suffice it to say, the prosecutor inquired of the State’s witness, the police officer who had arrived at the scene just after the stabbing of the victim occurred. The police officer testified that he inquired of the defendant and one Violente what had happened. Violente stated that “Some guy [not the defendant] came out of the back room and stabbed the victim and ran out the door.” The prosecutor then asked the police officer,
“Q. Did Mr. Brooks say anything at all when the statement was made by Mr. Violente in his presence?
* * * * * *
Q. Did he make a statement? Did Mr. Brooks say anything?
A. At that time, no.”
During closing argument the prosecutor stated:
“Additional evidence — the police officer comes on the scene of the crime .
He says, ‘What happened?’ Someone tells him. He goes into the back room, into the kitchen. This young man is seated at the table. Right next to him is the man that stabbed [the victim] many times.
What does he say? He sits there and is very quiet. The police officer says, ‘What happened?’ The other young man says, ‘A fellow ran out of the back room, tall, blond. He stabbed [the victim] several times and ran out the front door.’
That is what you heard the police officer say this young man said. The other young man [the defendant], did he jump up and say, ‘That is not true. Wait a minute, you stabbed him’? Did he say anything at all to tell the police officer what went on?
Not a word, ladies and gentlemen, because he was a part of what went on. That is why he didn’t say it.”
At the conclusion of the closing argument, defense counsel objected and moved for a mistrial on the grounds that the prosecutor had referred to the defendant’s exercise of his Fifth Amendment rights. The trial court overruled the objection and denied the motion for mistrial.
We need not determine the applicability of the Fifth Amendment rights to this case, for even if this constitutional safeguard was inapplicable here, the prosecutor’s comments during closing argument on defendant’s pre-arrest silence was so overly prejudicial to defendant’s case as to constitute reversible error. Weiss v. State, 341 So.2d 528 (Fla. 3d DCA 1977). See United States v. Hale, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975).
Therefore, the judgment and sentence appealed is reversed and remanded for a new trial.