PER CURIAM.
Reversed and remanded for a new trial. Under questioning by the state a police officer made an explicit statement that the appellant had refused to give a statement upon his arrest. Such comments are improper in view of an accused’s constitutional right to remain silent and the implications from such comments that the accused has a responsibility to speak and assert his innocence. See State v. Thornton, 491 So.2d 1143 (Fla.1986). Under Thornton and other decisions such comments constitute grounds for a mistrial or a new trial if such error is preserved for appeal, unless it can be demonstrated that the error was harmless. Here, the appellant objected and moved for a mistrial at the time the error was committed, and again at the end of the trial. Although the trial court acknowledged that the comments were improper, ruling was reserved on the motion for mistrial. These objections and motions for mistrial were sufficient to preserve the issue for appeal. See Pender v. State, 530 So.2d 391 (Fla. 1st DCA 1988). Further, we cannot conclude that the error was harmless under the strict test laid down by State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
ANSTEAD, LETTS and GLjICKSTEIN, JJ., concur.