590 So.2d 498 (1991)
Alonso HICKS, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-230.
District Court of Appeal of Florida, Third District.
December 3, 1991.
*499 Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg, Asst. Atty. Gen., for appellee.
Before NESBITT, COPE, and GERSTEN, JJ.
PER CURIAM.
Alonso Hicks claims that the improper introduction of evidence concerning his right to remain silent and his prior criminal history require the reversal of his convictions for trespass, battery on an officer, and resisting arrest. We agree in part, and reverse the battery on an officer conviction and remand for new trial on that charge.
The charges in the instant case arose out of defendant's alleged attempt to burglarize a Jordan Marsh store. A Jordan Marsh security guard, while watching the store's security televisions, observed that Hicks "ducked on the floor ... crawling, and ... ran up to a stockroom door." That guard along with a second guard then approached the defendant. After the defendant exited the store, the guards called the police and a struggle between the two security guards, a Miami police officer and the defendant followed.
At trial, during direct examination, one of the store guards testified that as soon as the defendant was subdued, he was arrested. *500 The state then elicited the following testimony:
Q: Did Mr. Hicks make any statements to you after he was finally subdued or during the process of being subdued?
A: No.
Defendant's counsel objected and moved for mistrial claiming improper comment on defendant's right to remain silent after arrest. The objection was overruled and the motion denied.
As a matter of state constitutional law, it is impermissible to comment on defendant's post-arrest silence whether or not that silence is induced by Miranda warnings. Lee v. State, 422 So.2d 928 (Fla. 3d DCA 1982), review denied, 431 So.2d 989 (Fla. 1983); see Webb v. State, 347 So.2d 1054 (Fla. 3d DCA), cert. denied, 354 So.2d 986 (Fla. 1977); see also Hosper v. State, 513 So.2d 234 (Fla.3d DCA 1987); Weiss v. State, 341 So.2d 528 (Fla. 3d DCA 1977). The participation of the uniformed Miami police officer constituted state action in Hick's apprehension and detention; thus, triggering his right to keep his silence after arrest from the jury. This distinguishes the instant case from State v. Jones, 461 So.2d 97 (Fla. 1984), where only store guards were involved in a similar apprehension and the court determined no violation following a parallel courtroom exchange.
At trial, defendant claimed he had been looking for a washroom in a department store when the guards knocked him to the ground, provoking an unintentional battery. Thus, the crucial issue the jury had to decide in the battery count was whether defendant had intentionally or accidentally kicked the police officer. In making this determination, the jury may well have considered the fact that at arrest defendant did not make a statement to the effect that he did not intend to kick the officer. Under these facts, as to the battery count, we cannot consider the above comment harmless error. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986) (comments on defendant's silence are subject to harmless error analysis).
As to the charge of resisting arrest without violence, this count alleged that the defendant would not allow himself to be handcuffed after a fight with the officer in a flower bed outside the store had ended, thus causing more struggle. Defense counsel argued to the jury that defendant may have been guilty of resisting arrest, but that the state had overcharged this case, that the battery on a law enforcement officer was at most simple battery. Considering defense counsel's own comments, we conclude any error by the admission of the above comment and response, as to defendant's conviction for resisting arrest without violence, was harmless.
Finally, we disagree with Hick's claim that error requiring reversal occurred when one of the store security guards testified he originally began observing the defendant because he "looked like somebody that had been arrested before there." The videotape of the defendant's conduct was introduced at trial. According to the state, the tape confirmed defendant crawled on the floor and then ran up to the stockroom and kicked the door. More significantly, the defense argument to the jury on Hicks' attempted burglary count was that defendant might have been guilty of trespassing (the lesser included offense of attempted burglary) but not attempted burglary. Thus, we conclude that any error in the admission of the security guard's statement was harmless. See State v. Lee, 531 So.2d 133 (Fla. 1988); Hardie v. State, 513 So.2d 791 (Fla. 4th DCA 1987), review denied, 520 So.2d 586 (Fla. 1988); Harris v. State, 427 So.2d 234 (Fla. 3d DCA 1983).
Accordingly, the lower court's judgment is reversed in part and the case remanded for new trial on the charge of battery on a police officer.