PARIENTE, Judge,
concurring in part; dissenting in part.
I concur in the majority’s opinion concerning the error in sentencing. However, I would reverse the defendant’s conviction and remand for a new trial based on the impermissible comment by a police officer on the defendant’s exercise of his right to silence.
In response to questioning by the state, the police officer testified about his actions after the victims identified the defendant as the assailant:
I approached him and advised him that I was there investigating an incident that occurred. He then advised me that he didn’t know anything about an incident. He spontaneously advised me that he didn’t know anything about some lady or whatever. I had not gotten to that point or anything. And at that time he also, I’ve [sic] believe, told me he wasn’t going to say anything. (Emphasis supplied).
Defense counsel objected and moved for a mistrial on the ground that the police officer’s testimony was an improper comment on the defendant’s right to remain silent.
Unquestionably, the police officer’s testimony amounted to an impermissible comment on the defendant’s silence and his constitutional right to remain silent. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). See Graham v. State, 573 So.2d 166 (Fla. 4th DCA 1991); Hicks v. State, 590 So.2d 498 (Fla. 3d DCA 1991). The remarks by the police officer were unwarranted and improper. A law enforcement official, by virtue of his training, should know better. Such comments potentially undermine a defendant’s constitutional right to a fair trial. One can only wonder why such a comment is made if evidence of guilt is otherwise overwhelming.
On appellate review, the question is whether the state has proved beyond a reasonable doubt that the comment did not contribute to the guilty verdict. DiGuilio, 491 So.2d at 1137-39. The harmless error rule enunciated in DiGuilio places a “heavy burden” on the state. Id. at 1136. The supreme court explicitly recognized that comments on a defendant’s silence have a substantial likelihood *1071 of affecting a verdict, terming such comments “high risk errors”:
It is clear that comments on silence are high risk errors because there is a substantial likelihood that meaningful comments will vitiate the right to a fair trial by influencing the jury verdict....

Id.

DiGuilio cautions appellate courts to strictly apply the harmless error test and not fall into various “common errors” when applying the analysis:
The worst is to abdicate judicial responsibility by falling into one of the extremes of all too easy affirmance or all too easy reversal. Neither course is acceptable. The test must be conscientiously applied and the reasoning of the court set forth for the guidance of all concerned and for the benefit of further appellate review. The test is not a sujficiency-of-the-evidence, a correct resitlt, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is the effect of the error on the trier-of-fact.
Id. at 1139 (emphasis added).
DiGuilio offers an example of a hypothetical harmless error situation where the defendant confesses his guilt on the stand. In this case, the defendant did not take the stand. The implications from the police officer’s comments are that the defendant had a responsibility to speak and assert his innocence. Graham. The fact that the defendant in this case did not take the stand could only compound the potential effect on the jury of the police officer’s comments. The evidence linking the defendant to the crime consisted of the identification by the mother and daughter victims. The daughter testified she was very certain of her identification. The mother basically relied on her daughter. At the time of the night-time attack, the daughter testified she was “frightened beyond belief.” The essence of the defense was that of misidentification, lack of evidence and poor police work.
The police officer in this case voluntarily, spontaneously and unequivocally commented on the defendant’s silence. Certainly, there is sufficient permissible evidence upon which the jury’s guilty verdict could be based. However, that is not the DiGuilio harmless error standard of review. The state has the burden of proving that there is no reasonable possibility that the jury’s verdict was not affected by this comment. Under the facts of this case and the principles of DiGuilio, I do not believe the state can sustain its burden. Accordingly I would reverse the defendant’s conviction and remand for a new trial free of this “high risk” error.