GRIFFIN, J.
Alvin L. Grady [“Grady”] appeals his conviction for battery on a law enforcement officer, resisting arrest with violence, assault on a law enforcement officer, and disorderly intoxication. We find merit in only one claim of error; we agree that the State erroneously was permitted to elicit testimony commenting on Grady’s right to remain silent.
Detective Price [“Price”] testified that when Grady was first brought to the jail, he was swearing profusely but calmed down after he was offered a shower to rinse the pepper spray from his eyes. The prosecutor then asked the following questions:
Question: Did [Grady] complain about being in pain otherwise?
Answer: Not that I’m aware of, sir.
Question: Did he complain about Wynn falsely arresting him?
Answer: Not that I’m aware of, sir.
Question: Did he say anything else?
Answer: No, sir.
Defense counsel immediately moved for a mistrial because the State had commented on Grady’s silence. The State responded that statements made before Grady was formally advised of his Miranda rights could be used since they were spontaneous. The court overruled the objection and denied the motion for mistrial.
In State v. Hoggins, 718 So.2d 761 (Fla.1998), the Florida supreme court held that the prosecutor’s use of the defendant’s silence at the time of the arrest, prior to Miranda warnings, to impeach the defendant, violated his right to remain silent. The court explained that as long as the comment is fairly susceptible of being construed by the jury as a comment on the defendant’s exercise of his or her right to remain silent, it violates the defendant’s constitutional rights, regardless of whether *930 the comment was introduced in the State’s case-in-chief or through impeachment. See also Sharp v. State, 605 So.2d 146 (Fla. 1st DCA 1992). Thus, it was error to allow this testimony.[1]
Although we cannot say the erroneous admission of this testimony was harmless as to the resisting arrest with violence conviction, it plainly was harmless as to the convictions for the remaining offenses. Fundara v. State, 634 So.2d 255 (Fla. 3d DCA 1994); Thompson v. State, 634 So.2d 169 (Fla. 1st DCA 1994); Hicks v. State, 590 So.2d 498 (Fla. 3d DCA 1991). Accordingly, we reverse and remand for a new trial on the resisting arrest conviction only.
AFFIRMED IN PART; REVERSED in part and REMANDED.
SAWAYA and ORFINGER, R.B., JJ., concur.

. The State argues that any error was rendered harmless because of Grady’s own testimony that he had a conversation with Wynn at the jail:
Question: All right. Did you ever call him [Deputy Wynn] names?
Answer: No, sir.
Question: Did you ever threaten to whip his mother fucking ass?
Answer: No, sir.
Question: Did you ever call him the "N” word?
Answer: No, sir.
Question: Well, why would he say you did?
Answer: To make it look like I'm a bad person.
Thai night when he put me in the cell he told me if I apologized to him he'll make it easier for me to get out.
Like that guy, I forgot his name, that one that was up here, the one that say he walked me in, when he walked me in the cell Wynn came.
After they handcuffed me Wynn told him to open the door, as he opened the door me and him was standing there talking, that's when he told me if I apologize to him it would be easier for me to get out.
We fail to see how this testimony in any way dissipates the taint of the testimony elicited from Detective Price.