553 So.2d 354 (1989)
Carmen ALLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0993.
District Court of Appeal of Florida, Fourth District.
December 6, 1989.
Kayo E. Morgan, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Asbury and Celia A. Terenzio, Asst. Attys. Gen., West Palm Beach, for appellee.

ON MOTION FOR CLARIFICATION AND ON MOTION FOR REHEARING
GARRETT, Judge.
Appellant's motion for clarification is granted in part. Appellee's motion for rehearing is granted. We substitute the following opinion:
Appellant appeals her conviction and sentence for Driving Under the Influence Manslaughter.
At the scene of the automobile pedestrian accident, after the investigating officer asked appellant to submit to a blood alcohol test, appellant gave incriminating statements concerning her drinking prior to the accident and her reasons for refusing to take the test.[1] The trial judge refused to suppress the statements and allowed them to be heard by the jury.
*355 We affirm as to all issues[2] but one. We address whether appellant's statements at the scene and later at a medical clinic were given during the accident report phase of the investigation and, therefore, privileged and statutorily inadmissible. § 316.066(4), Fla.Stats. (1987).
We conclude the trial judge committed reversible error by admitting appellant's privileged statements. Yost v. State, 542 So.2d 419 (Fla. 4th DCA 1989). There is substantial competent evidence to conclude the accident investigation phase continued until the officer gave appellant her Miranda warnings at the medical clinic. Brackin v. Boles, 452 So.2d 540, 543 (Fla. 1984). Appellant made the questioned statements during the accident phase of the investigation.
Unlike the defendant in Kornegay v. State, 520 So.2d 681, 683 (Fla. 1st DCA 1988), appellant offered no testimony during the trial which rendered the admission of the privileged statements harmless error. Considering the content and the inflammatory nature of the privileged statements, we cannot conclude there is no reasonable possibility that the error contributed to appellant's conviction. State v. DiGuilio, 491 So.2d 1129, 1138 (Fla. 1986).
Accordingly, we reverse appellant's conviction, vacate her sentence, and remand for a new trial.
DELL and GUNTHER, JJ., concur.
NOTES
[1] Appellant stated she had been drinking all night, all that day, and the night before, and she knew a blood test would "nail" her.
[2] We disapprove of the blood alcohol presumption instruction given at trial. Rolle v. State, 528 So.2d 1208 (Fla. 4th DCA 1988).