POLEN, Judge,
dissenting.
Carmen Alley appeals from a judgment of conviction and sentence for driving under the influence, which resulted in manslaughter, as well as the trial court’s denial of a motion for new trial. The trial court entered these orders after appellant was retried on remand pursuant to this court’s mandate in Alley v. State, 553 So.2d 354 (Fla. 4th DCA 1989).
I would affirm the trial court in every respect, and feel compelled to address the majority’s reversal on appellant’s fifth point on appeal. Appellant argues and the majority agrees that the trial court erred when it denied her motion for mistrial, because the trial court’s treatment of her trial attorney prejudiced her in front of the jury. She contends that a trial judge’s discretion as to how it governs counsel at trial is not limitless, citing Wilkerson v. State, 510 So.2d 1253 (Fla. 1st DCA 1987). In support of her position, appellant quotes several parts of the trial transcript where the trial court admonished defense counsel in a harsh, sarcastic manner.
From the trial transcript it appears to me that defense counsel was frequently out of order and disrespectful to the court and to witnesses. The trial court responded with impatience after it apparently perceived that defense counsel would not alter his manner, despite several admonishments that he must do so. I also note that the trial court admonished the prosecutor several times. The court was critical of the prosecutor for asking a witness to testify regarding improper matters and for asking repetitive questions. Both sides were reprimanded for interrupting the court and each other and for talking simultaneously. Evidently, the frequency and severity of these reprimands were such that they provoked the trial court to instruct the jury, in the utmost caution, that the lawyers were not themselves on trial and that its feelings about the lawyers should not influence their decision in the case.
As an officer of the court, defense counsel employed certain behaviors during trial that should be discouraged.[1] He was disrespectful and at times, his responses to the court were nothing short of belligerent. I have no way of conclusively knowing what motivates a defense counsel to make blatantly improper responses to the trial court’s rulings, but it seems that a defense counsel who is aware that the evidence against his or her client is overwhelming might, in a last desperate attempt, employ such unprofessional, obvious tactics in the hopes of provoking the trial judge and obtaining a new trial.[2] When and if that is the case, that attorney and his or her client are not to be rewarded with a mistrial.
I believe the majority’s reversal on this point ignores the overwhelmingly strong testimonial and physical evidence against appellant, which the jury heard at both the instant and the previous trial. Appellant’s conviction should be affirmed.

. I note that trial counsel and appellate counsel are one and the same.

. Furthermore, it is an insult to the collective intelligence of a jury to presume that it cannot separate, in obvious circumstances such as these, the guilt or innocence of the defendant based on the evidence presented, from the attorney's histrionics.