SCHOONOVER, Judge.
The appellant, Benton Joseph Thompson, appeals from a judgment and sentence entered pursuant to a jury verdict finding him guilty of death by intoxicated driver, manslaughter, and vehicular homicide. We find that the trial court erred in denying appellant’s motion for mistrial after a comment was made on the appellant’s right to remain silent and in allowing the jury to separate during its deliberations. Accordingly, we reverse and remand for a new trial.
The appellant was involved in an automobile accident resulting in the death of Nerissa Ross. He was charged in a four count information with: death by intoxicated driver in violation of section 316.1931, Florida Statutes (1983); manslaughter in violation of section 782.07, Florida Statutes (1983); vehicular homicide in violation of section 782.071, Florida Statutes (1983); and leaving the scene of an accident involving death in violation of section 316.027, Florida Statutes (1983).
At trial, conflicting evidence was presented as to who was driving the vehicle at the time of the accident, appellant or Ms. Ross. Trooper Tindle testified that appellant approached him at the scene of the accident and informed him that he was driving at the time of the accident. Tindle then advised appellant of his Miranda rights, and appellant repeated the statement. Appellant was then taken to the hospital for a blood test, and while there, he was informed that Ms. Ross had died. After a sample of appellant’s blood was taken, he was returned to the scene of the accident where Tindle turned the investigation over to a homicide investigator, Trooper Cowart. Trooper Cowart testified that after he had advised appellant of his rights, he asked appellant if he wished to talk to him. Cowart then testified, “He said he was tired, and he was afraid that he had said too much already.” Defense counsel’s objection to the comment was overruled, and his motion for a mistrial was denied.
After the case was submitted to the jury, the jurors deliberated for approximately four hours without reaching a verdict. At that point, the court, over the objection of the state and the appellant, sent the jurors home for the night. The next morning they returned and, shortly thereafter, reached a verdict finding appellant guilty of death by intoxicated driver, manslaughter, and vehicular homicide, and not guilty of leaving the scene of an accident involving a death. The trial court adjudged appellant guilty of all the offenses of which the jury had found him guilty, but sentenced him only on the charge of death by intoxicated driver to six years imprisonment. This timely appeal followed.
The first reversible error occurred when the state had Trooper Cowart testify regarding appellant’s response to his inquiry concerning whether appellant desired to talk to him. Appellant’s statement, which immediately followed Cowart’s Miranda warning, that he was tired and was afraid that he had said too much already was fairly susceptible to being interpreted as a comment on appellant’s exercise of his right to remain silent. The admission of this testimony, therefore, was error. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We reject the state’s contention that any error in allowing this testimony was harmless. In order to satisfy the harmless error test, the state has the burden of proving beyond a reasonable doubt that *1356 there was no reasonable possibility that the error complained of contributed to appellant’s conviction. DiGuilio. The state did not meet this burden.
The main issue in this case was the question of who was driving the vehicle. Appellant presented evidence which tended to show that Ms. Ross, not he, was driving the vehicle at the time of the accident. The appellant also testified that before he learned that Ms. Ross had died he told the officers that he was driving only to protect Ms. Ross from a possible drunk driving conviction. Trooper Cowart’s testimony regarding appellant’s assertion of his right to remain silent could have bolstered the state’s evidence that appellant was the driver. This in turn could have led the jury to disbelieve appellant’s explanation for his earlier statements. We, therefore, cannot find that the state has met its burden of proving beyond a reasonable doubt that Trooper Cowart’s comment on appellant’s exercising his right to remain silent did not influence the jury verdict.
The court also committed reversible error by allowing the jurors to separate after they had commenced their deliberations. Taylor v. State, 498 So.2d 943 (Fla.1986). We, accordingly, reverse and remand for a new trial.
Reversed and remanded.
RYDER, A.C.J., and SANDERLIN, J., concur.