POLEN, Judge.
This is a timely appeal from entry of a judgment and concurrent sentences of seventeen years’ incarceration for kidnapping and fifteen years’ incarceration for attempted manslaughter.
Appellant, Bernier, and the victim, Han-non, met in a bar and had several drinks together while they discussed their military experiences. They left the bar to go to appellant's apartment, where they continued to drink. Hannon testified that he was interested in Bernier’s nautical compass business, and the possibility that he might become a manufacturer’s representative. He stated that Bernier walked down a hallway, saying he was going to get some brochures. Instead, Bernier returned with a gun which he fired once away from Han-non. As Hannon turned to leave, he heard a second explosion and lost consciousness.
Bernier’s version of what occurred at his apartment differed materially. He contended that Hannon pushed him and attempted to take his wallet. While struggling to fend off Hannon’s attempts, Bernier fired his gun once hitting Hannon in the leg. Their accounts of what occurred after the shooting were similarly in dispute. In Bernier’s taped statement, given to the police and played for the jury, he alluded to both men dozing off after the shooting, and being unable to summon medical assistance because Hannon had ripped the phone out of the wall. When the police detective inquired as to why Bernier did not leave to get assistance, the following exchange took place:
(Appellant) A. You know I think I’m hanging myself here, honest to christ (sic), I really do.
(Lahey) Q. Well, Ed, I’m just asking you questions to try to clarify_
A. I know but I think I am, god damn it. I really would like the god damn attorney to be here, Mr. Morgan, really. I think he’s a good guy, I think he’s honest. I think, I think I m just cutting my throat here with you guys.
Q. In other words at this point you want to terminate this statement, is that right?
A. I’ve done the best I can to explain.
Q. You choose not to answer any more of my questions, is that right?
A. If you don’t mind, yeah.
This concludes the statement of EDWARD P. BERNIER at his request. Mr. Bernier is a suspect in this offense. The statement was taken by Det. Ed Lahey of the Fort Lauderdale Police Department. Det. Steve Ruebottom of the Fort Lauderdale Police Department was also present in the room. Statement was taken on Sunday, June 28, 1987, in the second flood (sic) Homicide interrogation room and is terminating at 3:22 p.m.
Hannon, on the other hand, testified upon awakening he begged Bernier to summon medical assistance, which Bernier refused. Bernier told Hannon he could not let him live because he could testify against him. Bernier terrorized Hannon and hit him in the head several times with a metal object. When Hannon tried to leave, he discovered that the door to the room was tied with a rope. He found a knife nearby, cut the rope, fled to the lobby where he received assistance and was taken to the hospital.
Bernier’s first point on appeal is that the trial court erred in failing to give a requested instruction on attempted third-degree murder. We affirm on this point for three reasons. First, the issue was not sufficiently preserved for appellate review by the making of an objection at the time of charge conference which would have given the trial court the opportunity to correct the error, if any occurred. City of Orlando v. Birmingham, 539 So.2d 1133 (Fla.1989). Secondly, kidnapping, the other felony with which appellant was charged, is not one of the underlying felonies which would support a conviction for attempted third-degree murder. If appellant is relying on the premise that the underlying felony would have been aggravated assault, this argument was not timely made *308 to the trial court, and again is not preserved for appeal. Finally, the offense of which appellant was convicted, attempted manslaughter, does not carry any greater penalty than attempted third-degree murder. Accordingly, we find no prejudice in the failure to give the requested jury instruction.
The second point for our consideration is whether the trial court erred in allowing the above-quoted portion of appellant’s taped statement to police to be played to the jury. Appellant contends that such statements constitute an impermissible comment on his fifth amendment right to remain silent. We must agree with appellant, and find that it was error for the trial court to have played this portion of the tape to the jury. Applying the test in State v. DiGuilio, 491 So.2d 1129 (Fla.1986), we cannot say beyond a reasonable doubt that the error complained of did not contribute to the verdict. Accordingly, we reverse and remand for a new trial based on this point.
Appellant’s last point on appeal, contending that the trial court erred in denying his motion for judgment of acquittal on the charge of kidnapping, is without merit, and we affirm on that point.
The cause is therefore reversed and remanded for a new trial consistent with this opinion.
DELL and WALDEN, JJ., concur.