PATTERSON, Judge.
This appeal arises from a prosecution for aggravated child abuse. Both the appellant, Thomas W. Dixon, and the child’s mother, Gloria Snell, were charged with the abuse of Snell’s fourteen-month-old child. Snell pled guilty and testified on behalf of the state, placing the primary blame on Dixon. Dixon did not testify.
During closing argument, the prosecutor told the jury:
He was abused by both parents. But only one parent has come in here and admitted what she did was wrong. Only one parent has come in here and testified that she’s going to prison.
Dixon’s counsel made a timely objection and motion for mistrial. Without ruling on the objection, the trial court denied the motion.
In final summation, the prosecutor said:
The defendant has said he’s not guilty. He’s pled not guilty. He has not accepted his responsibility. He’s not admitted his guilt.
The trial court overruled Dixon’s objection and said to the prosecutor, “Go ahead.”
Comments which are “fairly susceptible” of being interpreted as comments on a defendant’s silence are reversible error unless the state can prove beyond a reasonable doubt that the error did not contribute to the verdict. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The prosecutor’s remarks clearly implied that Dixon failed to testify on his own behalf. Since Dixon was the only one who could refute the testimony of the state’s key witness, the child’s mother, the remarks were prejudicial and constituted reversible error. See Abreu v. State, 511 So.2d 1111 (Fla. 2d DCA 1987). The state failed to prove beyond a reasonable doubt that the error did not contribute to the verdict; therefore, Dixon is entitled to a new trial.
Reversed and remanded for further proceedings.
RYDER, A.C.J., and ALTENBERND, J., concur.