634 So.2d 255 (1994)
Guillermo Tomas FUNDORA, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-1371.
District Court of Appeal of Florida, Third District.
March 29, 1994.
*256 Bennett H. Brummer, Public Defender, and Manuel Alvarez, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Consuelo Maingot, Asst. Atty. Gen., for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
PER CURIAM.
The defendant appeals his convictions for three counts of sexual battery, aggravated assault, battery, and armed burglary of a structure. We reverse and remand for a new trial.
At trial before a jury, the defendant's arresting officer testified that five days after the incident forming the basis for the charges, he met the defendant and his father at the police station, and the defendant was then placed under arrest. The following exchange then took place between the witness and the prosecutor:
Prosecutor: Did you speak with the defendant?
Officer: Briefly.
Prosecutor: Did he say anything?
Officer: No.
Defense counsel objected to the witness' comment on the defendant's silence and moved for mistrial. The trial judge withheld ruling on the motion but confirmed an error had occurred, stating:
I agree with you. The question is  I'll grant you that it was error to allow that in. The question is, is it reversible error? Is it harmless error?
At trial, the victim accounted how the defendant had entered her apartment, forced her to engage in non-consensual intercourse, and then forced her to drive a short distance, where he exited her vehicle, and left the scene. The testimony of the medical expert called was inconclusive. While the case turned on the jury's determination of the parties' credibility, the trial judge, at the close of evidence, nonetheless denied the motion for mistrial.
It is impermissible to comment on the defendant's post-arrest silence whether or not that silence is induced by Miranda warnings. Lee v. State, 422 So.2d 928, 931 (Fla. 3d DCA 1982), review denied, 431 So.2d 989 (Fla. 1983). Any comment which is fairly susceptible of being interpreted as a comment on silence will be treated as such. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986). Comment on defendant's post-arrest silence is not harmless where evidence against the defendant is not clearly conclusive. Id. at 1138. See Chapman v. State, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The instant comment put before the jury the fact that the defendant had not offered any plausible explanation for the allegations against him.
The question in such cases is whether there is a reasonable possibility that the error affected the verdict. The burden rests on the state to show it was harmless. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful. DiGuilio, 491 So.2d at 1139. Because we cannot conclude that the instant error did not affect the jury's verdict, defendant's convictions must be reversed and the case remanded.
Reversed and remanded.