KLEIN, Justice.
We reverse defendant’s conviction for armed robbery because the prosecutor’s comment, that the accomplices who testified against defendant had at least admitted their involvement, was fairly susceptible of being interpreted as a comment on defendant’s failure to testify.
Defendant and others were charged with armed robbery, and two of the men involved testified against defendant, admitted their complicity, and claimed that defendant was the one who used the gun. Defendant did not take the stand; however, he presented several witnesses who testified that he was in bed at home because he was ill at the time of the robbery.
In rebuttal closing argument, the prosecutor made the following remarks about the two accomplices who testified:
Mr. Baron wants you to believe that George and Tyrone are boldface liars. Every single word that came out of their mouths while they took that stand was a boldface hundred percent lie. Every word. Yet they practically convicted themselves on that stand. Is anybody going to invite George Macon or Tyrone Bankston over to their house for dinner? Of course not. Because what they did was just as wrong as what he did. Absolutely. Just because they didn’t carry a gun, just because they didn’t go into the store. I don’t think anybody is going to invite them over to their house for dinner.
I am not in any way, shape or form trying to tell you what they did that day, January 27th, 1994 is in any way a good thing. Absolutely not. But at least they got up there and told you that they were involved in committing this crime. At least they had some kind of heart to do that. (Emphasis added.)
MR. BARON: Judge, can I approach at this time?
THE COURT: Okay, approach of the bench side bar. (the following side bar discussions were had outside hearing of the jury:)
MR. BARON: Judge, I think Ms. Ber-kowitz just commented on the fact that my client did not take the witness stand. She said that at least they got up there and admitted to it. I think that’s clearly what she’s trying to do.
THE COURT: I don’t think so. She was just commenting on the fact that they were telling the truth about what they did, not the crime. I don’t view that as a comment on your client not getting up there and saying what happened. She just commented on what they did. I don’t see it in the context of being a comparison to your client whatsoever. I just see it as being a comment on what they testified to and whether it’s believable.
So your objection is overruled.
MR. BARON: Judge, I would be moving for a mistrial on those grounds.
THE COURT: Denied.
We cannot agree with the trial court’s conclusion that these remarks were permissible, because the trial court’s interpretation is only one possible interpretation. If a comment is “fairly susceptible” of reflecting on defendant’s silence it is prohibited. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
This prosecutor’s commendation of the accomplices for admitting their guilt in this crime was susceptible of being interpreted as a comment on defendant’s silence, just as was the prosecutor’s comment in Dixon v. *678 State, 627 So.2d 19 (Fla. 2d DCA 1993). In that case both the defendant and the child’s mother were charged with child abuse, and the mother testified against the defendant. In closing the prosecutor argued:
He was abused by both parents. But only one parent has come in here and admitted what she did was wrong. Only one parent has come in here and testified that she’s going to prison.
[[Image here]]
The defendant has said he’s not guilty. He’s pled not guilty. He has not accepted his responsibility. He’s not admitted his guilt.
Id. at 20. The second district reversed for a new trial.
As our .supreme court observed in DiGui-lio:
One authority has said that “[c]omments or arguments which can be construed as relating to the defendant’s failure to testify are obviously, of almost unlimited variety.”11 The “fairly susceptible” test treats this variety of arguable comments as comments on silence. We are no longer only dealing with clear-cut violations where the prosecutor directly comments on the accused’s silence and hammers the point home....
11. .Annotation, Comment or Argument by Court or Counsel that Prosecution Evidence is Uncontradicted as Amounting to Improper Reference to Accused's Failure to Testify, 14 A.L.R.3d 723, 726-27.
491 So.2d at 1135-36.
Reversed and remanded for a new trial.
POLEN and PARIENTE, JJ„ concur.