681 So.2d 894 (1996)
George SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3951.
District Court of Appeal of Florida, Fourth District.
October 23, 1996.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant, George Smith, was arrested and convicted for driving under the influence of an alcoholic beverage to the extent his normal faculties were impaired. Appellant raises two points on appeal. He initially argues that the trial court erred in overruling his objection to a portion of appellee's sole witness' testimony and in denying his motion for mistrial as to that same testimony. Appellant further contends that the trial court erred in denying his motion for judgment of acquittal because his conviction was based on circumstantial evidence. We find appellant's second point to be without merit and affirm without further comment. We do, however, *895 find appellant's first issue to be meritorious and reverse and remand for a new trial.
Appellant was pulled over by a Florida Highway patrolman after he was observed driving a Lexus in excess of 100 miles per hour in wet road conditions. Upon effecting a traffic stop, the trooper observed appellant stagger from his vehicle; his face was flush and his eyes bloodshot, blurry and watery. Upon speaking with appellant, the trooper detected a strong odor of alcoholic beverage on appellant's breath and a slurring of his speech. Appellant declined to perform roadside sobriety tests stating: "I'm not going to incriminate myself. Just take me to jail." Appellant was placed under arrest and taken to a breath testing facility. While at the facility, appellant refused to take a breath test or perform sobriety tests.
At trial, the state's sole witness, the arresting trooper, testified to the following after appellant was placed on videotape at the breath testing facility:
Q. What, if anything, did the defendant [appellant] do during the videotaping?
A. He turned his back on the video except for a few seconds and he refused after I read the implied consent, he refused to take the breath test that I requested and he was read his Miranda warnings and he refused.
After the answer given by the trooper, the following sidebar took place:
[Defense]: Judge, I would move for a mistrial. He made a comment on his fundamental right to remain silent.
The Court: He did not. He just said [he] was read his Miranda rights. He didn't say he refused to say anything.
[Defense]: He said he refused and then Dave [prosecutor] cut him off. We can have it read back. You can have it read back, but Dave stopped him.
. . .
The Court: Didn't complete his sentence.
[Defense]: Well, Judge, I think anything that can be taken in the case law can be takencomment about the defendant's right to remain silent is mistriable and that's a comment. I mean, he said he refused after Miranda.
The Court: I find it cannot be taken as a comment. It's denied.
In general, courts must prohibit all evidence or argument that is fairly susceptible of being interpreted by the jury as a comment on the right of silence. State v. Smith, 573 So.2d 306, 317 (Fla.1990). It is improper to comment on a defendant's post-arrest silence, whether or not such silence was induced by Miranda warnings. Fundora v. State, 634 So.2d 255 (Fla. 3d DCA 1994). Comments on a defendant's right to silence are not harmless where the evidence against the defendant is not "clearly conclusive." Id. As a result, such comments are subject to a harmless error analysis. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). In order to satisfy the harmless error test, the state has the burden of proving beyond a reasonable doubt that there was no reasonable possibility that the error complained of contributed to appellant's conviction. Thompson v. State, 503 So.2d 1354, 1356 (Fla. 2d DCA 1987)(citing State v. DiGuilio, 491 So.2d 1129 (Fla.1986)).
In the initial portion of the trooper's statement, the trooper first testified that appellant refused to take a breath test after being read the implied consent law. Such evidence was properly admissible. See State v. Burns, 661 So.2d 842, 849 (Fla. 5th DCA 1995), dismissed, 676 So.2d 1366 (Fla.1996)(refusal to perform the physical, non-testimonial field sobriety tests on videotape at the center and refusal to submit to the breathalyzer test are admissible.); State v. Taylor, 648 So.2d 701, 704 (Fla.1995)(in a pre-arrest situation, a defendant's refusal to take a field sobriety test (not involving a testimonial response) is admissible to show consciousness of guilt). However, in the latter portion of the trooper's statement, appellee suggests that it is merely conjecture that the trooper's use of the word "refused" pertains to his right to remain silent after being read his Miranda warnings. We disagree. The response by the trooper that appellant "refused" after being read his Miranda warnings was clearly a testimonial response commenting on appellant's right to remain *896 silent. See State v. Thornton, 491 So.2d 1143 (Fla.1986), disapproved on other grounds, State v. Norstrom, 613 So.2d 437 (Fla.1993); West v. State, 553 So.2d 254 (Fla. 4th DCA 1989).
As stated in Fundora, a comment on a defendant's post-arrest silence is not harmless where evidence against the defendant is not "clearly conclusive." 634 So.2d at 256. In applying a harmless error analysis, we find that despite the evidence presented at trial, the state did not sustain its burden in demonstrating that the error was indeed harmless. Accordingly, this court cannot say beyond a reasonable doubt that the error did not affect the verdict. See DiGuilio; Fundora. Thus, we are compelled to reverse and remand for a new trial.
DELL and GROSS, JJ., concur.