STONE, J.
Senn was convicted of aggravated battery with a firearm causing great bodily harm and of petit theft.
At trial, the state introduced Senn’s statement to the police that concluded when he stated, “I think I want an attorney before I answer any more questions.” Defense counsel objected and requested that this portion of the statement be redacted. We conclude it was error to overrule Senn’s objection. The primary issue before us is whether such error was harmless.
The victim testified that he was walking when Senn pulled up to him, and they had an argument concerning an earlier disturbance at Senn’s apartment. The victim “read [Senn] the riot act about waking [him] up.” He said Senn “was just wild” and came straight towards him. The victim, knowing that Senn had a gun, told Senn “don’t do it, don’t do what I think you’re going to do.” The victim pulled out a “little pocket knife,” and when he saw Senn’s arm starting to move, punched him while holding the knife. Senn then shot him. The victim then turned and ran behind another vehicle, and when he came out from behind it, Senn shot him again. Senn then left.
The victim’s testimony was, in substantial part, confirmed by a witness to the altercation, who was a friend of the victim, and another witness as to Senn’s earlier possession of a gun. An additional witness testified that after the shooting, Senn was bleeding from a scratch on his face, and another testified to Senn or his companion admitting they “got rid of’ the gun.
In Senn’s statement to the police, he contended that the victim was calling him names, “cussing” him out and had stabbed him in the face with a knife before shots were fired. He also told the police that he did not fire a gun and that his companion did the shooting. Senn did not testify. None of Senn’s witnesses were eyewitnesses. The jury was instructed on self-defense.[1]
A comment on a defendant’s request for an attorney may be construed as a comment on a defendant’s invocation of his right to remain silent, even after he has answered some questions. State v. DiGuilio, 491 So.2d 1129, 1131 (Fla.1986). A comment on the defendant’s silence does not create per se reversible error, but any such comment is analyzed under the harmless error test. Id. at 1135-36.
Several cases have found similar comments to those in the case at bar to be harmful error warranting reversal. DiGuilio, 491 So.2d at 1129 (finding permissible evidence not clearly conclusive where there were “entirely plausible explanations consistent with DiGuilio’s innocence”); Grier v. State, 934 So.2d 653 (Fla. 4th DCA 2006) (declining to find error harmless where defendant charged with multiple sexual crimes contended some acts were consensual, where on some counts there was no evidence of guilt other than testimony of victims); Kiner v. State, 824 So.2d 271 (Fla. 4th DCA 2002) (“lion’s share” of case centered on witness credi *598 bility and circumstantial evidence); Bernier v. State, 547 So.2d 306 (Fla. 4th DCA 1989) (defendant and victim’s testimony “differed materially”); Freeman v. State, 538 So.2d 936 (Fla. 2d DCA 1989) (rejecting state’s suggestion that error was harmless because of overwhelming evidence of guilt).
Here, despite significant evidence of guilt, there was disputed testimony as to self-defense. Further, we note that the jury asked questions during deliberations as to the victim’s wounds, the state of mind requirement under the self-defense statute, and the type of ammunition used.
As there is evidence to support the jury instruction on self-defense, and in applying the harmless error requirements of DiGuilio and Goodwin v. State, 751 So.2d 537 (Fla.1999), we must reverse Senn’s conviction and sentence and remand for a new trial.
SHAHOOD and HAZOURI, JJ., concur.

. As the state does not question the self-defense instruction, we do not comment on Senn’s right to such while claiming to police that someone else was the shooter.