DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JULIE MICHELE KALIVRETENOS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2920

[June 24, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 15-014862CF10A.

Jason T. Forman of the Law Offices of Jason T. Forman, P.A., Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Julie Michele Kalivretenos ("Defendant") appeals her conviction for burglary of a dwelling. She argues: (1) the trial court erred in allowing the State to comment on, and elicit testimony regarding, her post-*Miranda* right to silence; (2) defense counsel was ineffective for failing to object to testimony that Defendant requested a lawyer; and (3) defense counsel was ineffective for failing to request an affirmative defense instruction on the burglary offense. Finding error in allowing comments and testimony on Defendant's post-*Miranda* right to silence, we reverse and remand for a new trial. In light of our holding, the second issue is moot. As to the third issue, we conclude that, based on the evidence at trial, Defendant was not entitled to an affirmative defense instruction and there was no error in the jury instructions. Accordingly, we affirm on that issue without further comment.

By way of background, Defendant and the victim are former paramours. One evening, while the victim was away on vacation, video surveillance showed Defendant entering the victim's house and making several trips

from the house to her car. The victim alleged several guitars and a watch were stolen. The property allegedly stolen was never recovered, and it was not discernable from the video what exactly Defendant removed from the house.

Based on the video surveillance recording, Defendant was questioned by detectives. After Defendant was informed of her *Miranda* rights and agreed to talk to detectives, she admitted to entering the victim's house to gather the remainder of her belongings. When detectives asked Defendant what items, specifically, she took from the house, she refused to answer and requested a lawyer. Defendant was thereafter charged with one count of first-degree grand theft for taking the guitars and/or a watch valued over $100,000 and one count of burglary of a dwelling.

Defendant subsequently moved to suppress all statements made to the detectives, but the trial court denied the motion. During a pre-trial hearing to address several pending motions, the trial court inquired as to whether the State intended to introduce any of Defendant's post-*Miranda* statements. During the hearing, the State agreed to only introduce Defendant's limited statement that she went to the victim's house to retrieve her belongings: "[t]he only statement I'm introducing is when she talked to the detective. I don't remember if she was in custody or not. She said, 'I went to the house, I got my stuff out, that's it.'" Defense counsel agreed that this was the only statement to be introduced.

Despite that agreement, during both opening statement and closing argument, the State was permitted to comment, over objection, that when asked by detectives what items she took from the victim's house, Defendant refused to answer. Also, during direct examination of one of the interrogating detectives, testimony was elicited that Defendant admitted "she had gone to the house that night and that she went inside to get some things" but when asked what items she took "she asked for her lawyer."[1] At the close of the State's case, Defendant moved for a judgment of acquittal. The trial court granted a judgment of acquittal on the first-degree grand theft count as it relates to the guitars only, finding that the surveillance video did not show any guitars were taken, and reduced that count to third-degree grand theft of the watch. Defendant was ultimately acquitted of the third-degree grand theft count, found guilty

_____

[1] Defense counsel did not object to the testimony elicited. Defense counsel did, however, object to the State's comments in opening statement and closing argument on the basis that the comments violated the parties' pre-trial agreement to limit introduction of Defendant's statements. We find that these objections, as well as the parties' pre-trial discussions before the presiding judge, sufficiently preserved the issue.

of the burglary of a dwelling count, and sentenced to twenty-one months in prison followed by two years of probation.

The State is not permitted to "comment on a defendant's postarrest silence." *State v. Hoggins*, 718 So. 2d 761, 769 (Fla. 1998); *accord Ferrari v. State*, 260 So. 3d 295, 312 (Fla. 4th DCA 2018). This applies "to *all* evidence and argument, including impeachment evidence and argument, that [is] fairly susceptible of being interpreted by the jury as a comment on silence." *Hoggins*, 718 So. 2d at 769. "[A]ny remark which is 'fairly susceptible' of being interpreted as a comment on silence creates a 'high-risk' of error." *Dean v. State*, 690 So. 2d 720, 724 (Fla. 4th DCA 1997) (citations omitted); *see also Dixon v. State*, 627 So. 2d 19, 20 (Fla. 2d DCA 1993) (recognizing that comments which are "fairly susceptible" of being interpreted as comments on silence are generally reversible error).

Here, the trial court erred by allowing the State to breach the pre-trial agreement that it would seek to admit only Defendant's statement that she entered the victim's house to retrieve her personal belongings. This error was compounded by the fact that the comments that followed, that Defendant refused to say what items she took and requested a lawyer, were more than "fairly susceptible" of being interpreted as a comment on Defendant's right to remain silent. We find such comments violated Defendant's right to silence and should have been excluded from both evidence and argument. *See State v. Horwitz*, 191 So. 3d 429, 445 (Fla. 2016) (concluding that "[t]here [was] no question . . . that the State directly commented on [the defendant's] silence" by eliciting testimony from officers that the defendant "didn't answer" when asked about what had happened immediately after the incident); *Senn v. State*, 947 So. 2d 596, 597 (Fla. 4th DCA 2007) ("A comment on a defendant's request for an attorney may be construed as a comment on a defendant's invocation of his right to remain silent, even after he has answered some questions."); *Parker v. State*, 124 So. 3d 1023, 1026 n.2 (Fla. 2d DCA 2013) (explaining that a detective's response that defendant "just didn't answer the question" was an improper comment on defendant's right to remain silent).

We also conclude that the error was not harmless for several reasons. *See State v. DiGuilio*, 491 So. 2d 1129, 1135–36 (Fla. 1986). First, the State's case was largely based on circumstantial evidence, and Defendant was acquitted of the grand theft charge. *See Smith v. State*, 681 So. 2d 894, 895 (Fla. 4th DCA 1996) ("Comments on a defendant's right to silence are not harmless where the evidence against the defendant is not 'clearly conclusive.'" (quoting *Fundora v. State*, 634 So. 2d 255, 256 (Fla. 3d DCA 1994))); *First v. State*, 696 So. 2d 1357, 1358 (Fla. 2d DCA 1997) (where defendant was found not guilty of two other charges and witness

testimony provided an alibi, the court found State's improper comment during opening statement was not harmless error as all evidence was circumstantial).  Second, the State agreed pre-trial not to introduce the Defendant's statement at issue.  It is more than speculation to assume that this agreement impacted defense counsel's trial preparation and strategy.  And finally, the statements were prejudicial to Defendant because, in context, they suggested a consciousness of guilt.  *See Carr v. State*, 561 So. 2d 617, 619 (Fla. 5th DCA 1990) (holding that the comments on silence "unfairly created an inference of guilt").  For all of the foregoing reasons, Defendant is entitled to a new trial.

*Reversed and remanded for a new trial.*

LEVINE, C.J., and KUNTZ, J., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***